# United States Court of Appeals
## For the First Circuit

Nos. 02-1571, 03-1262

MICHAEL J. O'CONNELL and ROXANNE O'CONNELL,

Plaintiffs, Appellants,

v.

HYATT HOTELS OF PUERTO RICO
and DORADO BEACH HOTEL CORPORATION,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Neil Hoffman with whom Fredric S. Karpf and Law Offices of Neil Hoffman, were on brief, for appellants.
Jeannette Lopez De Victoria with whom Pinto-Lugo, Oliveras & Ortiz, P.S.C., was on brief, for appellees.

February 12, 2004

**HOWARD**, <u>Circuit Judge</u>.  Plaintiffs Michael and Roxanne O'Connell appeal from the district court's denial of their motion to amend the complaint.  We affirm.

This lawsuit arises out of a slip-and-fall accident that occurred at the Hyatt Regency Cerromar Beach Resort and Casino in Dorado, Puerto Rico on November 12, 1997.  Plaintiffs, who are citizens of Pennsylvania, filed this action in the Pennsylvania state court on November 9, 1999.  The complaint originally named as defendants Hyatt Corporation, Hyatt International Corporation, Hyatt Hotels Corporation, and H. Group Holding, Inc. (the "original defendants").

On December 28, 1999, the original defendants invoked the federal courts' diversity jurisdiction to remove this case to the United States District Court for the Eastern District of Pennsylvania.  <u>See</u> 28 U.S.C. § 1441.  Several months later, on March 7, 2000, the parties filed a stipulation to (1) dismiss the original defendants from the action, (2) amend the caption of the complaint to name Hyatt of Puerto Rico and Dorado Beach Hotel as the proper defendants, and (3) transfer the case to the United States District Court for the District of Puerto Rico.  The parties also stipulated that plaintiffs would amend the complaint to assert allegations against these new defendants within thirty days of the transfer.  The federal court in Pennsylvania approved the

stipulation and transferred the case to the District Court of Puerto Rico on March 15, 2000.

Notwithstanding the stipulation, nothing further transpired until November 8, 2000, when the Puerto Rico district court entered a scheduling order pursuant to Fed. R. Civ. P. 16(b). The scheduling order required that motions to amend the pleadings had to be filed by November 21, 2000, and that any late motions to amend the pleadings would be allowed only upon a demonstration of good cause for the delay. Plaintiffs did not move to amend the complaint before the November 21, 2000 deadline expired. Because plaintiffs did not amend the complaint, the complaint continued to assert allegations only against the original defendants.

On April 4, 2001, Hyatt Corporation, one of the original defendants, moved to dismiss the complaint on personal jurisdiction grounds. See Fed. R. Civ. P. 12(b)(2). In response, plaintiffs moved to amend their complaint to state allegations against the new defendants. On March 20, 2002, the district court denied Hyatt Corporation's motion to dismiss the complaint because the original defendants already had been dismissed pursuant to the stipulation entered prior to the case's transfer. See Fed. R. Civ. P. 41(a)(1)(ii). In the same order, the court denied plaintiffs' motion to amend the complaint because, inter alia, plaintiffs had flouted the scheduling order deadline and had "provided no explanation whatsoever for the long delay." The court subsequently

-3-

denied plaintiffs' motion to reconsider and entered judgment on January 10, 2003. Plaintiffs have timely appealed.

We review the denial of a motion to amend the pleadings for an abuse of discretion and will affirm if any adequate reason for the denial is apparent from the record. See Acosta-Mestre v. Hilton Int'l of P.R., 156 F.3d 49, 51 (1st Cir. 1998). In contesting the district court's ruling, plaintiffs highlight the liberal amendment policy underlying Fed. R. Civ. P. 15(a), contending that the denial of their motion was inconsistent with the permissive bent of this Rule.

Rule 15(a) provides that leave to amend a complaint is permitted, as a matter of course, before the opposing party has filed a responsive pleading. Once a responsive pleading has been filed, subsequent amendments require court approval, and such approval is "freely given when justice so requires." See Fed. R. Civ. P. 15(a). We have often described this standard as reflecting the "liberal" amendment policy underlying Rule 15. See, e.g., Wilson v. Mendon, 294 F.3d 1, 7 n.16 (1st Cir. 2002); Mills v. Maine, 118 F.3d 37, 53 (1st Cir. 1997); USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 23 (1st Cir. 1978).

Plaintiffs focus on Rule 15(a), emphasizing the Rule's pro-amendment orientation. But plaintiffs have pinned their hopes on the wrong rule. The standard applicable here is not the "freely

given" Rule 15(a) standard but the more stringent "good cause" standard under Fed. R. Civ. P. 16(b).

Rule 16(b) requires that the district court enter a scheduling order within 120 days of service of the complaint. The scheduling order sets the deadlines for subsequent proceedings in the litigation, including amending the pleadings. See Fed. R. Civ. P. 16(b)(1). The purpose of limiting the period for amending the pleadings is to assure "that at some point both the parties and the pleadings will be fixed." Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b). The Rule does recognize, however, that the parties will occasionally be unable to meet these deadlines because scheduling order deadlines are established relatively early in the litigation. See id. Therefore, the court may extend a scheduling order deadline on a showing "of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension." Id.

Several courts have held that Rule 16(b)'s "good cause" standard, rather than Rule 15(a)'s "freely given" standard, governs motions to amend filed after scheduling order deadlines. See Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003); S&W Enters. v. SouthTrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437-38 (8th Cir. 1999); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.

-5-

1998) (per curiam); <u>Johnson</u> v. <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992); <u>cf.</u> <u>Riofrio Anda</u> v. <u>Ralston Purina Co.</u>, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (affirming denial of motion to amend filed after expiration of scheduling order deadline because allowing amendment would be inconsistent with purposes of Rule 16(b)). The rationale is that application of the "good cause" standard  preserves the integrity and effectiveness of Rule 16(b) scheduling orders. <u>See</u> <u>Sosa</u>, 133 F.3d at 1419.

"In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." <u>Towers Ventures, Inc.</u> v. <u>Westfield</u>, 296 F.3d 43, 45 (1st Cir. 2002). Rule 16 provides the district courts with many of the devices necessary to manage its docket. <u>See</u> <u>Rosario-Diaz</u> v. <u>Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998). For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." <u>Johnson</u>, 975 F.2d at 610 (internal citations and quotations omitted). As we observed in <u>Riofrio Anda</u>, 959 F.2d at 1155, liberally granting motions to amend the pleadings--filed after a party has disregarded the scheduling order deadline--would effectively "nullif[y] the purpose of Rule 16(b)(1)."

Unlike Rule 15(a)'s "freely given" standard, which focuses mostly on the bad faith of the moving party and the

prejudice to the opposing party, see Foman v. Davis, 371 U.S. 178, 182 (1962), Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. See Rosario-Diaz, 140 F.3d at 315; accord Leary, 349 F.3d at 906; Parker, 204 F.3d at 340. Prejudice to the opposing party remains relevant but is not the dominant criterion. See Johnson, 975 F.2d at 609. "[I]ndifference" by the moving party "seal[s] off this avenue of relief" irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause. Rosario-Diaz, 140 F.3d at 315. We review the district court's refusal to extend a Rule 16(b) scheduling order for good cause under an abuse of discretion standard. See Vulcan Tools of P.R. v. Makita U.S.A., Inc., 23 F.3d 564, 565 (1st Cir. 1994).

Plaintiffs suggest that, "due to circumstances not within [their] control . . . the amended Civil Action was never filed by the filing deadline." While plaintiffs are not altogether clear on what stopped them from timely moving to amend, they appear to blame the error on a failure of communication between local counsel in Puerto Rico and lead counsel in Pennsylvania. Under the facts of this case, this excuse does not establish good cause. Cf. Rosario-Diaz, 140 F.3d at 315 ("Attorneys represent clients, and, as a general rule, an attorney's blunder binds her client.").

Plaintiffs stipulated that they would seek to amend the complaint to include allegations against the new defendants within

thirty days of the transfer. Plaintiffs were thus aware of their obligation to move to amend. Nevertheless, they waited over a year after the transfer and five months after the scheduling order deadline to act. Such a long and unexplained delay vindicates the district court's conclusion that plaintiffs were not diligently pursuing this litigation. See, e.g., Leary, 349 F.3d at 908 (affirming district court's refusal to find good cause where plaintiff was "obviously aware of the claim for many months" but failed to move to amend the complaint until defendant moved for summary judgment); Sosa, 133 F.3d at 1419 (affirming district court's refusal to find good cause where "information supporting the proposed amendment to the complaint was available [to plaintiff] even before she filed suit"); Johnson, 975 F.2d at 609 (affirming district court's refusal to find good cause where plaintiff knew that it had named the wrong party but failed to amend complaint within the scheduling order deadline).

**Affirmed**.