ROGERS, J.,
concurring.
As the court observes, our review of discovery rulings for abuse of discretion reflects a “reluctante] to interfere with district court decisions regarding their own day-to-day operations.” Op. at 363. However, the court’s reluctance is tempered where there is “the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.” Id. (quoting United States v. Microsoft Corp., 253 F.3d 34, 100 (D.C.Cir.2001)). In my view, our conclusion that the district court did not abuse its discretion in denying Hussain’s motion to reopen discovery follows from a slightly different analysis than is adopted by the court of Hussain’s contention that the refusal to grant his motion was an overly harsh penalty for his attorney’s negligence. See Op. at 364-365.
Federal Rule of Civil Procedure 16(b) provides that a scheduling order “shall not be modified except upon a showing of good cause .... ” The advisory committee notes on the Rule explain that there is good cause “if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension.” Fed. R. Civ. P. 16(b) advisory committee’s notes (1983 amendments). Several circuit courts of appeal have held that “Rule 16(b)’s ‘good cause’ standard primarily considers the diligence of the party seeking the [modification]---- If that party was not diligent, the inquiry should end.” Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992); see also O’Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir.2004); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir.2002); Bradford v. DANA Corp., Inc., 249 F.3d 807, 809 (8th Cir.2001); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir.2000). Some courts secondarily consider the “possible prejudice to the party opposing the modification.” Inge, 281 F.3d at 625; see also Reliance Ins. Co. v. Louisiana Land & Exploration, 110 F.3d 253, 257 (5th Cir.1997).
Under those precedents, the primary consideration in determining whether the district court abused its discretion by refusing to reopen discovery is whether Dr. Hussain was diligent in conducting discovery within the schedule set by the district court. Hussain’s attorney conducted no discovery within that period, and his motion to reopen discovery came three and a half months after the discovery period had ended. The only asserted reason for this lack of diligence was attorney neglect. Yet “carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.” Johnson, 975 F.2d at 609.
*368 The question remains whether Hussain can be deemed diligent in complying with the scheduling order although his attorney was not. The general rule is that a client is held accountable for his attorney’s conduct. See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Camps v. C & P Tel. Co., 692 F.2d 120, 123-24 (D.C.Cir.1981). The First Circuit has confronted two cases under Rule 16(b) in which parties blamed their lack of diligence on attorney error, and in both cases the court replied, “Attorneys represent clients, and, as a general rule, an attorney’s blunder binds her client.” O’Connell, 357 F.3d at 155; Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998). Were this court to follow the interpretation of Rule 16(b) adopted by other circuits and hold Hussain accountable for his counsel’s behavior, “the inquiry should end” because Hussain “was not diligent.” Johnson, 975 F.2d at 609.
This court, however, has not viewed the attorney-blunder rule to be without exception. The court has recognized in the context of the dismissal of a complaint that a party should not bear the consequences of attorney misdeeds when the lawyer “misled the client by reassuring him that the litigation was continuing smoothly when in fact it was suffering severely from lack of attention.” Jackson v. Washington Monthly Co., 569 F.2d 119, 122 (D.C.Cir. 1977). And on appeal, as noted, the court will determine whether there is “the clearest showing [of] actual and substantial prejudice.” Microsoft, 253 F.3d at 100. Although Hussain does not assert that he was misled by his attorney as in Jackson, he did argue to the district court that he was being unfairly punished for his former attorney’s negligence by being forced to oppose the hospital’s motion for summary judgment without discovery. In my view, the district court’s evaluation of the nature of the discovery that Hussain obtained during the EEOC proceedings precludes a finding that Hussain has made the clear showing of “actual and substantial prejudice” required for the court to conclude that the district court abused its discretion in denying his motion to reopen discovery. Thus, were this court to interpret “good cause” under Rule 16 to embrace consideration of prejudice, Hussain’s contention that the lack of evidence with which to respond to the hospital’s motion constituted good cause to reopen discovery would fail.
The district court expressly addressed whether Hussain would be unfairly prejudiced in his ability to oppose summary judgment if he were not permitted to reopen discovery. See Hussain v. Principi, 344 F.Supp.2d 86, 93-94 (D.D.C.2004). In denying Hussain’s motion to reopen discovery, the district court relied partially on the ground that he was not “completely deprived of discovery” because his attorney had taken “lengthy depositions” of Dr. Barth, Dr. Fletcher and Mr. Garfunkel during the EEOC proceedings. Id. The district court noted that “[t]hese depositions covered the merger of the Radiation Therapy and Imaging Services, Dr. Barth’s appointment as Chief of Radiology, the Peer Review Panel, the hiring of Dr. Manning, the administration’s reaction to [Hussain’s] EEO complaints, and many other topics.” Id. at 94. The district court thus found that Hussain “did have an opportunity to obtain discovery at the administrative level regarding many of the same claims he pursues here.” Id. at 93-94.
Because a litigant seeking discovery may be unable to identify the nature of the information sought, it would be inappropriate to place such a burden on the moving party. But Hussain is in a somewhat different position as a result of the administrative discovery he had obtained. In the district court, Hussain suggested a number *369 of inquiries he would pursue were discovery reopened, for the most part involving new lines of questioning with the individuals he had previously deposed, but also involving his desire to depose Dr. Manning and Dr. Patel, both of whom he was unable to depose in the administrative proceeding. Assuming further depositions could reveal helpful information, Hussain nonetheless fails, in light of the evidence he could rely upon in opposing the hospital’s motion for summary judgment, to make “the clearest showing [of] actual and substantial prejudice.” Microsoft, 253 F.3d at 100. He could rely upon the depositions of Dr. Barth, Dr. Fletcher, and Mr. Garfunkel; the EEO investigative file; his own deposition and affidavit; the 109 exhibits from his personal files; and any affidavits he could collect from current and former hospital employees. Deposing Drs. Manning and Patel would appear to be of questionable worth as neither was a central figure in Hussain’s discrimination or retaliation claims; he sought their depositions only to show that Dr. Manning’s view of his poor performance was inspired by her self-interest and that Dr. Patel’s view of his poor performance was inspired by anti-Muslim bias.
Accordingly, I concur.