**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1926**

---

VERCON CONSTRUCTION, INCORPORATED,

Plaintiff - Appellant,

versus

HIGHLAND MORTGAGE COMPANY,

Defendant - Appellee,

and

U.S. DEPARTMENT OF HOUSING & URBAN
DEVELOPMENT; MEL MARTINEZ, in his capacity as
Secretary of the United States Department of
Housing and Urban Development,

Defendants.

---

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief
District Judge. (CA-03-1370-3)

---

Argued: May 24, 2006          Decided: June 20, 2006

---

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Donald Asendorf Harper, THE HARPER LAW FIRM, P.A., Greenville, South Carolina, for Appellant. Louis H. Lang, CALLISON, TIGHE & ROBINSON, Columbia, South Carolina, for Appellee. **ON BRIEF:** Cynthia Buck Brown, THE HARPER LAW FIRM, P.A., Greenville, South Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vercon Construction, Inc. (Vercon) sued Highland Mortgage Company (Highland) on theories of conversion, breach of fiduciary duty, civil conspiracy, and tortious interference with contract, all under South Carolina law. The district court rejected each claim on the merits, granting Highland's motion for summary judgment and entering final judgment in favor of Highland. The district court had also previously denied Vercon's motion to amend its complaint, which motion was untimely per the district court's scheduling order. On appeal, Vercon alleges as error both the district court's grant of Highland's motion for summary judgment and the district court's denial of its untimely motion to amend.

Whether a party was entitled to summary judgment is a question of law, which we review de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a district court's grant of summary judgment, we must construe the facts in the light most favorable to the non-moving party, here, Vercon. Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc).

We review for an abuse of discretion a district court's denial of a motion to amend the pleadings filed beyond the deadline set in the scheduling order for the filing of such a motion. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004). Ordinarily, leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, when granting leave to amend, as was the case here, would require modifying the district court's scheduling order, Federal Rule of Civil Procedure 16(b) requires that the movant must first show good cause. Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003) (after "scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)"); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). Specifically, Federal Rule of Civil Procedure 16(b) provides that a scheduling order devised by a district court "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). See also 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civ. 2d, § 1522.1 (Rule 16(b) "specifically provides that the [scheduling]

order can be modified only upon a showing of good cause. This would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension.").

Having thoroughly reviewed the district court's opinions and the parties' briefs and submissions on appeal, and having heard oral argument in this case, we conclude that the district court did not err in granting summary judgment in favor of Highland, nor did it err in denying Vercon's untimely motion to amend its complaint. We, therefore, affirm on the reasoning of the district court. Vercon Construction, Inc. v. Highland Mortgage Co., C/A No.: 3:03-1370-JFA (D.S.C. July 21, 2005) (granting Highland's motion for summary judgment); id. (D.S.C. Jan. 20, 2005) (denying Vercon's untimely motion to amend its complaint).[*]

AFFIRMED

---

[*]We note that on page nine of the district court's memorandum opinion granting Highland's motion for summary judgment, the district court appears to suggest that Vercon failed to submit its final cost certifications to the United States Department of Housing and Urban Development (HUD) in connection with the financing of the construction project which underlies Vercon and Highland's dispute in this case. In our view, the record belies such a suggestion. The matter, however, is of no moment. The district court's analysis is correct regardless.