Julio F. **FEBUS–CRUZ,**
**et al., Plaintiffs,**

v.

Heriberto **SAURI–SANTIAGO,**
**et al., Defendants.**

Civil No. 09–1365 (FAB).

United States District Court,
D. Puerto Rico.

Sept. 10, 2009.

Carlos Del–Valle–Cruz, Rivera & Assoc., Isabela, PR, Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Luis A. Rodriguez–Munoz, Maria L. Santiago–Ramos, Landron & Vera LLP, Guaynabo, PR, for Plaintiffs.

Christian E. Pagan–Cordoliani, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## MEMORANDUM & ORDER

BESOSA, District Judge.

■ On August 24, 2009, plaintiffs Julio F. Febus–Cruz ("Febus"), Ana H. Ortega–Matos, and the Febus–Ortega conjugal partnership filed a motion for leave to file a second amended complaint. (Docket No. 61.) Because the time during which plaintiffs may have filed an amended complaint as a matter of course had long since passed, the Court shall evaluate plaintiffs' motion pursuant to Federal Rule of Civil Procedure 15(a)'s liberal "when justice so requires" standard.[1] Fed.R.Civ.P. 15(a)(2). This liberal amendment policy,

1. The Court recognizes that this case more appropriately falls under the aegis of Rule 16, rather than Rule 15(a), because the Court issued a scheduling order in which it set the deadlines for subsequent proceedings. This scheduling order may only be modified for "good cause." Fed.R.Civ.P. 16(b)(4). Out of an abundance of caution, and in recognition of the fact that the Court's initial scheduling order did not explicitly state a deadline for amending the pleadings, the Court shall proceed to evaluate plaintiffs request pursuant to Rule 15(a). Nonetheless, the Court's analysis under Rule 16(b) would not lead to a different outcome.

however, does not equate to automatic approval for a plaintiff's request for leave to amend in all cases. *Acosta–Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir.1998) (quoting 6 Charles Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed.1990)). Courts may deny leave to amend for undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, and futility of amendment, among other reasons. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also e.g., Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5 (1st Cir.1995); *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19 (1st Cir.1979). Because the Court finds that plaintiffs delayed unduly, acted in bad faith, and are acting with a dilatory motive, the Court denies their motion for permission to file a second amended complaint.

■■■■ Although findings of undue delay often occur in cases where a year or longer has elapsed between the plaintiffs last filed complaint and the request for leave to amend, *see e.g., Badillo–Santiago v. Naveira–Merly*, 378 F.3d 1, 7–8 (1st Cir.2004) (thirteen to fourteen months); *Acosta–Mestre*, 156 F.3d at 52 (fifteen months); *Grant*, 55 F.3d at 6 (fourteen months), it is not time elapsed that compels the finding of undue delay, but the attendant circumstances. Here, the request to file a second amended complaint was filed four months after the initial complaint and approximately two-and-a-half months after the first amended complaint. (Docket Nos. 1, 28 & 61.) The passage of four months from the date of the filing of the initial complaint would ordinarily not be cause for concern in a Rule 15(a) context but for the fact that this case was placed on a "rocket docket." (Docket No. 9, p. 2.) The

initial scheduling order set July 3, 2009, as the discovery cutoff date, and July 13, 2009 as the date for the joint proposed pretrial order and all dispositive motions. (*Id.*) At the parties' request, the Court pushed back the discovery deadline to July 31, 2009, the dispositive motion deadline to August 10, 2009, and the proposed pretrial order deadline to August 19, 2009. (Docket Nos. 43 & 44.) Defendants eventually filed their summary judgment motion on August 10, 2009, after receiving an additional extension of time. (Docket Nos. 49, 50 & 53.) Although both parties failed to file the proposed pretrial order on time, the Court granted no extension from the August 19, 2009 due date. Thus, when the plaintiffs requested leave to file their second amended complaint on August 24, 2008, they did so three weeks after the close of discovery, two weeks after defendants filed their summary judgment motion and nearly a week after the proposed pretrial order was due. Most importantly, they filed this request for leave to file a second amended complaint just three weeks prior to the date that trial is set to begin on September 14, 2009. (Docket No. 44.) On the whole, given the accelerated pace of this case, the request for leave to file a second amended complaint was made extremely late in the pretrial game. The relative lateness of the filing, however, should be considered in the context of the amendments proposed by the plaintiffs.

The proposed amendments are not minor in scope. They include adding a new defendant and a new claim against a defendant in his personal capacity who only remains as a defendant in his official capacity. The proposed amendments would necessarily entail a reopening of discovery, a new opportunity to file dispositive motions, and a lengthy delay to the start of trial. These delays represent a significant prejudice to the defendants who have already dedicated significant resources to

this case to prepare it at a faster pace than is typical in this district. *See Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4–5 (1st Cir.1983) (finding prejudice where additional discovery was not necessary and noting that additional claims "may well have affected defendants' planned trial strategy and tactics" and would likely have "required additional time to prepare for trial"). Accordingly, the Court finds that plaintiffs not only unduly delayed the filing of their request for leave to file a second amended complaint, but that defendants would be unduly prejudiced by these amendments.

In an attempt to explain their delay in filing their request for leave, plaintiffs provide the Court with reason to believe that they are acting in bad faith and with a dilatory motive. In their request for leave, plaintiffs state that they were unaware of Ms. Evelyn Cumba–Santiago (the defendant that plaintiffs would like to add to the case) when they filed the complaint. (Docket No. 61, p. 2.) They then state that they were not instructed to include her as a defendant, suggesting perhaps that the Court should have directed them to include Ms. Cumba as a defendant. (*Id.*) Plaintiffs then go on to state that Ms. Cumba's involvement "came to light from the depositions taken, the last one on July 29, 2009." (*Id.*) While plaintiffs carefully do not state the date that they first formed the belief that Ms. Cumba should be a defendant in this case, the clear message from their filing is that they did not have the information necessary to support their additional allegations against Ms. Cumba until the July 29, 2009 deposition.[2] This

quite simply is not sustained by the record before the Court. Plaintiffs became aware of facts that could have lead them to amend the complaint significantly before July 29, 2009, and therefore the Court views the plaintiffs' suggestion that they did not have the information to support the claim against Cumba as probative of bad faith.

Defendants included information and documents indicating Ms. Cumba's involvement in the events underlying this case in their Rule 26 initial disclosures on May 29, 2009. (Docket No. 62.) Plaintiffs also deposed Ms. Cumba herself on June 26, 2009. (Docket Nos. 54–6, 60–7.) Accordingly, the Court believes that no later than June 26, 2009, the plaintiffs should have been in possession of the information necessary to support their allegations against Ms. Cumba. Therefore, plaintiffs' suggestion that they did not have the relevant information until July 29 is disingenuous and misleading. These dates are not only relevant to the issue of whether plaintiffs acted in good or bad faith, but also to the issue of whether plaintiffs acted with a dilatory motive. Because the plaintiffs waited until August 24, 2009—roughly two months after Ms. Cumba's June 26 deposition, and just three weeks prior to the start of trial—to request leave to file the amended complaint, the Court finds that plaintiffs acted with a dilatory motive.

In conclusion, the Court finds that plaintiffs unduly delayed filing their request to amend the complaint, that they acted in bad faith, and that they acted with a dilatory motive causing undue prejudice to the defendants. For these reasons, the Court

2. The Court also notes that plaintiffs state later on in their request for leave that they discovered "the relevant facts" less than thirty days prior to the filing of their motion. (Docket No. 61, p. 5.) Plaintiffs apparently deposed Ms. Cumba a second time, on July 29, 2009 (*id.*), nonetheless the information

necessary to allege a claim against Ms. Cumba was available to plaintiffs no later than the date of her first deposition, which is clear to the Court from plaintiffs' use of Ms. Cumba's first deposition in their opposition to summary judgment motion. (See Docket Nos. 59, 60 & 60–7.)

**DENIES** plaintiffs' motion for leave to file a second amended complaint.[3]

**IT IS SO ORDERED.**

---

**3.** As mentioned above, the Court would reach the same conclusion regarding plaintiffs' request to amend the complaint pursuant to Rule 16(b). Rule 16(b)'s good cause standard is more exacting than Rule 15(a)'s "freely given" standard, *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir.2004), and it focuses upon the plaintiffs' diligence rather than the plaintiffs' good faith or prejudice to the defendants. *Id.* Given the Court's analysis of when plaintiffs became aware of information underlying the claim against Ms. Cumba, it would find that plaintiffs failed to show good cause to amend because they did not exercise the necessary diligence by requesting leave to amend soon after they became aware of facts sufficient to state a claim against Ms. Cumba.