# United States Court of Appeals
## For the First Circuit

No. 11-2495

LELIS YALÍ FLORES-SILVA,

Plaintiff, Appellant,

v.

KENNETH MCCLINTOCK-HERNÁNDEZ; JOSÉ RODRÍGUEZ-SUÁREZ;
BLANCA LÓPEZ-AGUDO; JOSÉ NEGRÓN-PANTOJAS; CONSUELO
FIGUERAS-REVUELTA; EDUARDO AROSEMENA-MUÑOZ; NIVEA E.
TORRES-OCASIO; EDNA COIRA-APONTE; DWIGHT FAGUNDO-CRUZ;
VANESSA VIERA-RABELO; STATE DEPARTMENT OF THE
COMMONWEALTH OF PUERTO RICO; PUERTO RICO PORTS AUTHORITY;
THE COMMONWEALTH OF PUERTO RICO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. José Antonio Fusté, U.S. District Judge]

Before
Torruella, Lipez and Howard,
Circuit Judges.

Peter John Porrata, for appellant.
Eliezer A. Aldarondo-López, with whom Carlos Cardona-Fernández
and Aldarondo & López-Bras, were on brief for appellees McClintock,
Rodríguez, López, Negrón, Figueras, Arosemena, Torres, Coira,
Fagundo, Viera and the State Department of the Commonwealth of
Puerto Rico.
José O. Vázquez-García, with whom Masa & Green, PSC, was on
brief for appellee Puerto Rico Ports Authority.

March 11, 2013

**TORRUELLA**, **Circuit Judge**. This case comes before us after the District Court of Puerto Rico found that a complaint filed by Lelis Y. Flores Silva ("Flores") failed to state a claim and determined that amendment would be futile. Flores only appeals the futility finding. We rule that the district court did not abuse its discretion in denying the requested amendment and thus affirm.

## I. Background

On New Year's Eve of 2010, Flores, an International Affairs Specialist at the Puerto Rico State Department, filed a complaint against said department, ten of its employees (including the then Secretary of State, Kenneth McClintock), the Commonwealth of Puerto Rico (collectively, the "State Department defendants"), and the Puerto Rico Ports Authority. She alleged a myriad of claims against the State Department defendants, but the core allegations of her complaint were that defendants had discriminated against her due to her political views and that they had denied her the rights and benefits to which she was entitled under federal and local law. As against the Ports Authority, she alleges it slandered her by publishing false information regarding an arrest for marijuana possession, thereby preventing her from receiving foreign dignitaries at the local international airport as part of her work duties. She claimed violations of her due process rights under the Fifth and Fourteenth Amendments, and the depravation of

-2-

said rights under 42 U.S.C. §§ 1983 and 1985.  She requested attorney's fees under 42 U.S.C. § 1988.  She also alleged violations of the Americans with Disabilities Act of 1990, the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and asserted several claims pursuant to Puerto Rico law.

The Ports Authority answered the complaint on March 29, 2011.  On May 12, 2011, José Rodríguez Suárez, one of the State Department defendants, also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

On June 6, 2011, the district court issued a scheduling order in which it stated:

> Any outstanding pleadings shall be filed not later than June 10, 2011.  Any motion to amend pleadings and/or to add parties shall be filed not later than June 15, 2011. In any event, the pleadings' [sic] stage should be concluded by July 15, 2011.  Further amendments will only be allowed for good cause shown.

On June 7, 2011, Flores filed her opposition to Rodríguez Suárez's motion to dismiss.  Three days later, the remaining State Department defendants filed a separate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  On July 26, 2011, Flores filed her opposition to said motion.  In the context of her discussion of the State Department defendants' arguments regarding her failure to sufficiently allege the first element of a prima facie case of political discrimination (i.e. that defendants were from a different political affiliation than her), Flores made the

-3-

following statement: "[I]f the Honorable Court finds that there's a lack of specificity as to political affiliation, then Plaintiff would request leave to file the corresponding amended complaint." Flores did not file a separate motion for leave to amend the complaint thereafter.

On October 27, 2011, the district court issued an opinion and order finding that Flores' complaint failed to state any claim upon which relief could be granted. It dismissed Flores' political discrimination claim with prejudice, and her ADA, Rehabilitation Act, and Title VII claims, as well as the claims pursuant to Puerto Rico law, without prejudice. In its opinion and order, the district court found that Flores had conceded that she had failed to sufficiently allege the first element of a prima facie case of political discrimination and determined that an amendment regarding that element would be futile because the complaint also failed to sufficiently allege the second element: defendants' knowledge of her political affiliation. The district court also went over the rest of Flores' claims and found none of them plausible.

Flores filed this timely appeal. She does not dispute the district court's finding that the complaint failed to state a claim. She unequivocally declares that "[t]his case comes to appeal on the sole basis that the trial judge erred in denying Plaintiff the opportunity to amend the Complaint." (emphasis omitted). She requests that we reverse the district court's

-4-

refusal to grant leave to amend the complaint. We decline to do so.

## II. **Discussion**

## A. **Standard of Review**

When a district court has issued a scheduling order pursuant to Fed. R. Civ. P. 16(b) stating that amendments will be allowed for "good cause shown," as was the case here, the district court's determination of the existence or absence of good cause is reviewed for abuse of discretion. O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004) ("We review the district court's refusal to extend a Rule 16(b) scheduling order for good cause under an abuse of discretion standard."). We "affirm if any adequate reason for the denial is apparent from the record." Hatch v. Dep't for Children, 274 F.3d 12, 19 (1st Cir. 2001). "A district court's exercise of discretion will be left untouched if 'the record evinces an arguably adequate basis for the court's decision,' such as futility of the amendment." Juárez v. Select Portfolio Servicing, Inc., No. 11-2431, slip op. at 12-13 (1st Cir. Feb. 12, 2013) (quoting Hatch, 274 F.3d at 19).

Moreover, "[o]ur case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines." Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008) (citing O'Connell, 357 F.3d at

154-55).  The "good cause" standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.  <u>Steir</u> v. <u>Girl Scouts of the USA</u>, 383 F.3d 7, 12 (1st Cir. 2004) (citing <u>O'Connell</u>, 357 F.3d at 154-155).

**B.  Analysis**

In this Circuit, "where the federal district courts . . . are flooded with hundreds of political discrimination cases, many of which are appealed, "<u>Sánchez-López</u> v. <u>Fuentes-Pujols</u>, 375 F.3d 121, 126 (1st Cir. 2004), there should be no doubt that to set forth a prima facie case,

> a plaintiff must establish four elements:  (1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action.

<u>Torres-Santiago</u> v. <u>Municipality of Adjuntas</u>, 693 F.3d 230, 236 (1st Cir. 2012) (quoting <u>Méndez-Aponte</u> v. <u>Bonilla</u>, 645 F.3d 60, 64 (1st Cir. 2011)) (additional citation omitted).  Failure to properly allege any of these elements may result in the dismissal of an action for failure to state a claim.

In her brief before this court, Flores sets forth several facts she claims she would have included in an amended complaint to establish the State Department defendants' knowledge of her political affiliation.  Those facts in turn center on the argument

that she kept pictures in her office that displayed her participation in political activities and portrayed her with several former governors whose political affiliation was opposite to that of defendants. Since they necessarily had to see the pictures when they went into her office, Flores posits, they had to have knowledge of her political affiliation. But such after-the-fact explanations cannot mend Flores' failure to request leave to amend within the deadlines designated by the district court or to properly request leave to amend after the deadline by showing that "good cause" existed. While the pertinent inquiry is, of course, whether the district court abused its discretion in finding that allowing an amendment would have been futile, we will affirm if "any adequate reason for the denial is apparent from the record." Hatch, 274 F.3d at 19.

As stated above, Flores' statement that she "would request leave to amend" did not include an explanation as to the reasons that would have justified granting such leave under the "good cause" standard the district court was required to measure the request by. Flores did not even attempt to justify the request despite the fact that the deadlines set in the scheduling order had already passed, and there should have been no doubt that the applicable standard was "good cause" since the order explicitly said so. Additionally, Flores failed to take advantage of the twenty-one day period to amend her complaint as a matter of course

after each motion to dismiss was filed.  <u>See</u> Fed. R. Civ. P. 15(a)(1)(B).

During oral arguments, Flores conceded that the district court could have validly refused to construe her statement as a request for leave to amend and could have chosen to ignore it all together.  She contended, however, that once the district court entertained her lame statement as a request, the court could not make a futility finding based on the failure to expressly request leave to amend the second element of her prima facie case.  Once it entertained the request, says Flores, it automatically had to grant leave to amend the entire complaint and was required to presume that Flores would do so and that the result would be a complaint that plausibly alleged all claims.  Flores failed to cite to any case law in support of this proposition.

This failure, however, is not surprising given that she essentially argued that a request for leave to amend that does not include a proposed amended complaint or give details as to how the complaint would be amended if leave were granted, virtually shields a plaintiff from any scrutiny under a futility analysis.  In other words, she was asking this court to find that, because she withheld details about the amended complaint that she allegedly had in mind, she was somehow immune from the well-settled principle that a court may perform an analysis under the Rule 12(b)(6) standard to determine if an amendment would be futile.  <u>See</u> <u>Platten</u> v. <u>HG Berm.</u>

Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006). For reasons that are so evident that we need not dwell on, we will not validate this theory, as doing so would essentially benefit those who, like Flores, fail to diligently and properly move to amend their complaints.

In this case, Flores merely alerted the district court that she would move to file an amended complaint if her allegations relating to the first element of her prima facie case were found to be ineffectual. She made no mention of a proposed amendment to the second element of her prima facie case, even though, in their motion to dismiss, the State Department defendants clearly and particularly challenged the sufficiency of the pleadings as to that element. The district court thus acted within its discretion in assuming only the allegations relating to the first element would be amended and in concluding that the complaint would not survive a 12(b)(6) motion.

Flores confidently asserts in her brief that "[a]t the state of the proceedings as of October 27th 2011, [the] date [o]n which the District Court rendered its Opinion and Order . . . Plaintiff was entitled to an adequate and reasonable opportunity to amend her complaint." (emphasis omitted). However, Flores did not make her statement announcing that she would request leave to amend, if the court ruled against her, until forty-one days after the deadline set in the scheduling order, and eleven days after the

deadline for conclusion of the pleading stage. Despite facing this daunting scenario, she failed to even attempt to show "good cause." We have explained in the past that Rule 16(b) allows district courts to manage their over-burdened case loads and "litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" O'Connell, 357 F.3d at 155 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992)). We need not go any further.

### III.  Conclusion

For the reasons elucidated above, we affirm.