# United States Court of Appeals
## For the First Circuit

No. 12-1634

SOMASCAN, INC.; SOMASCAN PLAZA, INC.; CENTRO TOMOGRÁFICO
DE PUERTO RICO, INC.; and INSTITUTO CENTRAL DE DIAGNÓSTICO, INC.,

Plaintiffs, Appellants,

v.

PHILIPS MEDICAL SYSTEMS NEDERLAND, B.V.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Wilbert Méndez-Marrero, for appellants.
Eric Pérez-Ochoa, with whom Adsuar Muñiz Goyco Seda & Pérez-Ochoa, P.S.C., was on brief for appellee.

April 22, 2013

**Per Curiam.**  This case comes before us after the District Court of Puerto Rico denied a motion for leave to amend a complaint.  The motion was filed more than a year and a half after the deadline set in the scheduling order for such amendments and without a showing of good cause for delay.  Because we find that the district court acted within its discretion in denying the request, we affirm.

The pertinent facts are as follows.  On February 13, 2009, Somascan, Inc., Somascan Plaza, Inc., Instituto Central de Diagnóstico, Inc. and Centro Tomográfico de Puerto Rico, Inc. (collectively, "Somascan") filed suit against Philips Medical Systems Nederland, B.V. ("Philips").  In the complaint, Somascan alleged, in essence, that Philips had misrepresented the capabilities of the medical equipment it sold to Somascan and that the medical equipment did not meet the appropriate standards of quality.  It alleged diversity of citizenship as the basis for the court's jurisdiction.

On December 7, 2009, the district court entered a Case Management Order setting December 30, 2009, as the deadline to amend the pleadings.  On July 11, 2011, a magistrate judge held a status conference and warned Somascan that "leave to amend would be granted for good cause shown as to why amendment could not have been requested at an earlier time."  Several days later, Philips filed a motion for summary judgment.  The day after Philips filed

-2-

said motion, on July 30, 2011, Somascan filed a motion for leave to amend the complaint along with a proposed amended complaint. The amended complaint purported to significantly change Somascan's case against Philips by introducing new claims under international and local law, introducing a new defendant to the suit, and changing the jurisdictional basis from diversity to "arising under" jurisdiction pursuant to 28 U.S.C. § 1331. Despite the late stage of the proceedings, Somascan failed to explain its reasons for not requesting leave to amend earlier. The motion was promptly denied, as was Somascan's subsequent motion for reconsideration. The court later granted Philips' motion for summary judgment, and judgment was entered dismissing the case on March 26, 2012.

When a district court has put in place a scheduling order pursuant to Fed. R. Civ. P. 16, stating that amendments will only be permitted for "good cause shown," this Court reviews a district court's finding of "the existence or absence of good cause . . . for abuse of discretion." Flores-Silva v. McClintock-Hernández, No. 11-2495, slip op. at 5 (1st Cir. Mar. 11, 2013) (citing O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004)). We will "affirm if any adequate reason for the denial is apparent from the record." Id. (quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir 2001)) (internal quotation marks omitted).

Rule 16(b) requires that the district court enter a scheduling order setting certain deadlines, including a deadline for the parties to amend the pleadings. See Fed. R. Civ. P. 16(b)(1). Those deadlines may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[O]ur case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines" have passed. Flores-Silva, No. 11-2495, slip op. at 5 (quoting Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)) (internal quotation marks omitted). We have also noted that Rule 16's "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id. at 6 (citing Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004)).

As if the accumulation of these standards did not present a high enough hurdle for Somascan to overcome on appeal, an additional burden is imposed when leave to amend is sought after discovery has been completed and a motion for summary judgment has been filed by a defendant. In such cases, it is clearly established that "the proposed amendment must be not only theoretically viable but also solidly grounded in the record." Hatch, 274 F.3d at 19 (citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). Therefore, "an amendment is

-4-

properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence." Id. (citing Resolution Trust Corp., 30 F.3d at 253). It is settled that, "[r]egardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Steir, 383 F.3d at 12 (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir. 1998)).

In the case at bar, Somascan moved to amend seventeen months after the deadline set in the scheduling order had passed and presented no persuasive argument to justify a finding that the delay was for "good cause." No new evidence was alleged to have been uncovered and no excuse was offered. These factors are, by themselves, enough to conclude that the district court acted correctly in denying leave to amend.

Moreover, as if requesting an amendment at such a late stage were not enough, Somascan moved to amend the day after the motion for summary judgment was filed. It thus had the additional burden of proving that the proposed amendment was theoretically viable and supported by substantial evidence. See Hatch, 274 F.3d at 19. The motion for leave to amend did not include such evidentiary support.

Any further discussion is pointless. The denial of the motion for leave to amend is affirmed.

**Affirmed**.