THOMPSON, Circuit Judge,
dissenting.
While I am cognizant of the deferential nature of our review, I nonetheless cannot agree with the result reached by the majority.
Federal Rule of Civil Procedure 15(a) reflects a liberal standard, see Torres-Ala- *5 too v. Puerto Rico, 502 F.3d 20, 25 (1st Cir.2007), one that requires the court to “freely give leave when justice so requires.” Fed.R.Civ.P. 15(a)(2); see also Fed. R. Bankr.P. 7015. Here, we know little about the court’s rationale for denying Zullo’s oral motion to amend as the court did not explain its reasons (or articulate that it was denying the motion). Whatever the rationale was, I think the bankruptcy court got it wrong.
A plaintiffs delay’[4] in filing the motion to amend is undoubtedly part of the equation, and indeed a good deal of time passed between Zullo’s filing the complaint and his spur of the moment attempt to amend it at the summary judgment hearing. However, it seems clear that a primary reason we are concerned with protracted delay in filing a motion to amend is the “attendant burdens on the opponent and the court” that it can create. Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir.2013) (per curiam); see, e.g., Frappier v. Countrywide Home Loans, Inc., No. 13-1774, 750 F.3d 91, 95-96, 2014 WL 1688917, at *3 (1st Cir. Apr. 30, 2014) (noting concern that additional discovery would likely be required based on the proposed amendment); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir.2008) (explaining that the plaintiffs’ wait and see approach to filing complaints “would impose unnecessary costs and inefficiencies on both the courts and party opponents”).
In this ease, I fail to see what burden would have been placed on Lombardo or the bankruptcy court should Zullo’s motion to amend have been granted. Everyone (the majority, the parties, the bankruptcy judge) agree that the relevant facts were already settled. The factual underpinnings were fully litigated, and adjudicated by a jury, in the state court proceeding that Zullo filed against Lombardo, and ultimately emerged victorious from. Discovery had been completed in the adversary proceeding and the relevant witnesses had been identified.
Further, the legal theory Zullo initially sought to proceed under, 11 U.S.C. § 523(a)(6) (precludes discharge in the event of willful and malicious injury by the debtor), is not strikingly different from the one which he hoped to include in an amended complaint, id. § 523(a)(2)(A) (prevents discharge when the debtor has engaged in fraud or false pretenses and representations).[5] See, e.g., Old Republic Nat’l Title Ins. Co. v. Levasseur (In re *6 Levasseur), 737 F.3d 814, 817-19 (1st Cir.2013) (finding that the debtor’s actions prohibited discharge under both 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6)). And neither subsection embodies a cause of action so different from the claims already alleged by Zullo in state court, e.g., fraud, breach of contract.
In other words, it seems highly unlikely that Lombardo would have had to engage in additional discovery, explore new legal theories, or mount a previously unthought of defense should Zullo’s proposed amendment have gone forward. For those very reasons, it is questionable whether the court would have felt it necessary to continue the upcoming trial. The potential prejudice to Lombardo, or burden on the court, should the motion to amend have been granted, seems very lacking to me. It is for these reasons that I think the bankruptcy court abused its discretion and failed to do justice. I respectfully dissent.

. Though the bankruptcy judge's reason for denial is unknown, I (like the majority) will focus on the delay factor. Given the chronology of events here, and the substance of Lom-bardo's oral objection to the motion to amend, it is the most logical focal point. Besides undue delay, other common grounds for a court's denial of a motion to amend are futility, bad faith, and dilatory motive on the movant’s part. See Hatch v. Dep’t for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir.2001). None of the other grounds are a good fit here. There is no allegation that Zullo acted in bad faith or had a dilatory motivation. A claim of futility would be a tough one to make given that Lombardo, who admits that he hooked up improper plumbing in Zullo’s home, entered into a consent agreement with the applicable state board conceding unlicensed practice and agreeing to a fine and probation. On top of that, a jury found him liable for double damages based on an illegal contract performance, which was a willful and knowing violation of Massachusetts law.

. It seems the difference relates to where the debtor's intent lay. See Sharfarz v. Goguen (In re Goguen), 691 F.3d 62, 66 n. 1 (1st Cir.2012) (discussing the debtor’s reliance on sections (a)(2)(A) and (a)(6) and explaining that 11 U.S.C. § 523(a)(6) requires a deliberate or intentional injury, not just a deliberate or intentional act that led to injury (citing Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998))).