PUERTO RICO MEDICAL EMERGENCY GROUP, INC., Plaintiff,

v.

IGLESIA EPISCOPAL PUERTORRIQUEÑA, INC., et al., Defendants.

Civil No. 14–1616 (FAB).

United States District Court, D. Puerto Rico.

Signed May 12, 2015.

Raul S. Mariani–Franco, Mariani Franco Law Office, Guillermo J. Ramos–Luina, San Juan, PR, for Plaintiff.

Jose A. Andreu–Garcia, Andreu & Sagardia Law Office, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiff Puerto Rico Medical Emergency Group, Inc.'s motion to file a second amended complaint, (Docket No. 40), which defendants oppose, (Docket No. 43). For the reasons explained below, the Court **DENIES** plaintiff's motion, **without prejudice.**

## I. PROCEDURAL BACKGROUND

### A. Pleadings and Motions

On August 11, 2014, Puerto Rico Medical Emergency Group, Inc. ("PRMEG") filed a complaint against Iglesia Episcopal Puertorriqueña, Inc. ("IEP"), Hospital Episcopal San Lucas, Inc. ("HESL"), Servicios Generales Episcopales, Inc., and Servicios de Salud Episcopales, (collectively, "defendants").[1] (Docket No. 1.) The complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.,* ("RICO"), and raises several supplemental state law claims. Defendants moved to dismiss the complaint on October 10, 2014. (Docket No. 12.) Plaintiff PRMEG opposed the motion to dismiss, (Docket No. 17), and requested leave from the Court to file an amended complaint, (Docket No. 16), on November 26, 2014. The Court granted plaintiff's motion, (Docket No. 19), and plaintiff PRMEG accordingly filed its first

---

1. Unknown individuals, including unknown insurance companies, were also included as generically-named defendants in the complaint. *See* Docket No. 1.

amended complaint on December 2, 2014, (Docket No. 20).

On February 13, 2015, defendant IEP filed a supplemental motion to dismiss. (Docket No. 35.) On March 2, 2015, plaintiff PRMEG opposed that motion, (Docket No. 39), and tendered a second amended complaint, (Docket No. 39–1), for which it sought leave to file the next day, (Docket No. 40). Defendants opposed plaintiff's motion for leave to file the second amended complaint and replied to plaintiff's opposition to the supplemental motion to dismiss on March 17, 2015. (Docket No. 43.)

On April 16, 2015, defendants filed a second supplemental motion to dismiss and a second opposition to plaintiff's motion for leave to file a second amended complaint, (Docket No. 45), with leave from the Court, (Docket No. 46). Plaintiff opposed the second supplemental motion to dismiss on May 1, 2015. (Docket No. 47.)

## B. Scheduling Order

On December 1, 2014, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b). (Docket No. 18.) The Court ordered, *inter alia,* as follows:

> Any motion to amend pleadings or add parties shall be filed by **December 23, 2014.** The pleadings stage must be concluded by that date. The Court will dismiss any claims against generically-named defendants after that date. Amendments will only be allowed according to the Federal Rules of Civil Procedure.

*Id.* at p. 2. The Scheduling Order also set June 8, 2015, as the deadline for filing motions to dismiss. *Id.* at p. 9.

## II. DISCUSSION

The central allegation in plaintiff PRMEG's first amended complaint is that defendants fraudulently obtained millions of dollars in payments from non-party insurance companies by falsely representing that defendants were entitled to bill those insurance companies for services provided by PRMEG, knowing full well that only PRMEG had the contractual right to do so. (Docket No. 20 at p. 16.)

Plaintiff PRMEG's tendered second amended complaint differs from the first amended complaint in two ways: (1) it provides additional facts about the contractual relationship defendant HESL had with a non-party emergency room service provider *before* HESL contracted PRMEG to provide emergency room services in 2007; and (2) it substitutes the generically-named defendant "Insurance Company ABC" with Liberty Mutual Insurance Company, which is the insurance carrier for the corporate defendants. *See* Docket No. 40 at pp. 2–3.

■ In requesting leave to file its second amended complaint, plaintiff argues that the Court must heed the "very liberal standard" of Federal Rule of Civil Procedure 15(a)(2). (Docket No. 40 at p. 2.) Rule 15(a)(2) provides that courts "should freely give leave [to amend a pleading] when justice so requires." Fed.R.Civ.P. 15(a)(2). But because plaintiff filed its motion to amend after the Court-ordered amendment deadline, the correct standard is not Rule 15(a)'s "freely given" standard but the more stringent "good cause" standard provided in Federal Rule of Civil Procedure 16(b). *See Trans–Spec Truck Serv., Inc. v. Caterpillar Inc.,* 524 F.3d 315, 327 (1st Cir.2008) ("Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines."); *accord Flores–Silva v. McClintock–Hernandez,* 710 F.3d 1, 3 (1st Cir.2013).

Rule 16(b) requires district courts to issue a scheduling order within 120 days of the defendant being served with the complaint. Fed.R.Civ.P. 16(b)(2). The scheduling order must include a deadline for amending pleadings, Fed.R.Civ.P. 16(b)(3)(A), which serves the purpose of assuring "that at some point both the parties and the pleadings will be fixed," Fed. R.Civ.P. 16 advisory committee's notes. The deadlines set in the scheduling order may be extended only upon a showing of "good cause." Fed.R.Civ.P. 16(b)(4).

Rule 16(b)'s "good cause" standard "emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 154 (1st Cir.2004); *see* Fed.R.Civ.P. 16 advisory committee's notes (explaining that courts may modify a deadline if a party shows good cause that the deadline "cannot reasonably be met despite [that party's] diligence"). The First Circuit Court of Appeals has repeatedly warned that "litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *O'Connell,* 357 F.3d at 155 (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992)); *accord Cruz v. Bristol–Myers Squibb Co.,* 699 F.3d 563, 570 (1st Cir. 2012).

Here, the Court issued a Rule 16(b) scheduling order that clearly set a deadline of December 23, 2014, to amend pleadings, including amendments to substitute generically-named defendants. (Docket No. 18 at p. 2.) Plaintiff PRMEG moved for leave to file a second amended complaint on March 3, 2015, more than two months after the deadline. (Docket No. 40.) Perhaps due to its misapprehension of the correct legal standard, plaintiff PRMEG makes no attempt to demonstrate why it could not have uncovered the information

it seeks to add to its complaint, with appropriate diligence, before the deadline.

██ Plaintiff PRMEG instead argues that the Court should follow the First Circuit Court of Appeals and other courts that liberally allow amendments to cure pleading deficiencies in RICO and fraud claims before dismissing them with prejudice. (Docket No. 40 at p. 2.) The First Circuit Court of Appeals has held as follows in this regard:

> Rule 9(b) requires specificity in the pleading of RICO mail and wire fraud.... However, in a RICO mail and wire fraud case, in regards to the details of just when and where the mail or wires were used, we hold that dismissal should not be *automatic* once the lower court determines that Rule 9(b) was not satisfied. In an appropriate case, where, for example the specific allegations of the plaintiff make it likely that the defendant used interstate mail or telecommunications facilities, and the specific information as to use is likely in the exclusive control of the defendant, the court should make a second determination as to whether the claim as presented warrants the allowance of discovery and if so, thereafter provide an opportunity to amend the defective complaint.

*New England Data Servs., Inc. v. Becher,* 829 F.2d 286, 290 (1st Cir.1987).

Here, PRMEG alleges that defendants mailed and emailed invoices and statements falsely representing that they could bill insurance companies for services provided by PRMEG. (Docket No. 20 at pp. 27–28.) PRMEG claims that those mails and emails constituted mail and wire fraud and a pattern of racketeering activity. *Id.* In its tendered second amended complaint, plaintiff PRMEG adds factual details about the contract that defendant HESL had with another emergency room service

provider before HESL contracted PRMEG to provide emergency room services in 2007. *See* Docket No. 39–1 at ¶¶ 4.2–4.7, 4.11–4.21.[2] PRMEG explains that these facts place PRMEG's 2007 contract with HESL "in its historical context."[3] (Docket No. 40 at p. 1.) These tendered facts do not add any detail relating to when and where defendants allegedly used mails and wires. Therefore, they fall outside the scope of *Becher*'s relaxed standard for allowing amendments to pleadings that add details of when and where mails and wires were used to commit fraud. *See* 829 F.2d at 290. Plaintiff PRMEG's argument and reliance on *Becher* is thus unpersuasive.

■ Plaintiff's PRMEG's request to substitute the generically-named defendant insurance company also falls outside the *Becher* rationale because an insurance company's identity is not a detail pertaining to when and where mails and wires were used to commit fraud. *See* 829 F.2d at 290.

Thus, because plaintiff PRMEG makes no attempt to demonstrate that good cause justifies amending its complaint more than two months after the Rule 16(b) deadline to do so, the Court **DENIES** plaintiff's motion for leave to amend its complaint, (Docket No. 40), **without prejudice** of plaintiff showing good cause to file a second amended complaint.

**2.** The Court has compared plaintiff PRMEG's first amended complaint, (Docket No. 20), with its second amended complaint, (Docket No. 39–1). The only differences the Court identifies in the two documents are the addition of a defendant and the added factual allegations in paragraphs 4.2–4.7, 4.11–4.21, and 4.33. *See* Docket No. 39–1.

**3.** Plaintiff PRMEG also explains that the added factual background clarifies that defendant HESL had an obligation to disclose to the insurance companies that its 2007 contract with PRMEG precluded it from continuing to

### III. CONCLUSION

For the reasons explained above, the Court **DENIES without prejudice** plaintiff PRMEG's motion for leave to file a second amended complaint, (Docket No. 40).

The operative pleading in this case is the first amended complaint, (Docket No. 20). Defendants' first and second supplemental motions to dismiss the amended complaint, (Docket Nos. 35 & 45), which incorporate by reference the motion to dismiss the original complaint, (Docket No. 12), remain pending, and the Court will decide them in due course.

**IT IS SO ORDERED.**

bill for services provided to emergency room patients. (Docket No. 40 at p. 1.) But PRMEG had already alleged this fact in its first amended complaint. *See* Docket No. 20 at ¶ 4.16 ("[HESL] had the contractual requirement to notify each of the insurance carriers that did business with [HESL] of the fact that PRMEG had retained the right to bill the professional component of the services it rendered at the hospital.") Thus, many of the "new" factual allegations in PRMEG's tendered second amended complaint are in fact redundant.