# United States Court of Appeals

## For the First Circuit

No. 13-9004

IN RE: DAVID ALLEN LOMBARDO,

Debtor.

———————

JOHN F. ZULLO,

Appellant,

v.

DAVID ALLEN LOMBARDO,

Appellee.

———————

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

———————

Before
Thompson, Circuit Judge,
Souter,* Associate Justice,
and Stahl, Circuit Judge.

———————

Dean C. Brunel, with whom Erica C. Mirabella and Law Offices
of Dean C. Brunel were on brief, for appellant.
Richard S. Ravosa for appellee.

———————

June 13, 2014

———————

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice.** This appeal is from the bankruptcy court's dismissal on summary judgment of John Zullo's adversary proceeding against debtor David Lombardo, after denying Zullo leave to amend his complaint. We affirm.

In September 2010, Lombardo filed for Chapter 7 bankruptcy. In December, Zullo began an adversary proceeding in the bankruptcy court, alleging that Lombardo's debt to him was nondischargeable under 11 U.S.C. § 523(a)(6).[1] That provision excepts from bankruptcy discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

Lombardo's debt to Zullo was for the amount of a Massachusetts state court judgment antedating Lombardo's bankruptcy and resting on the following facts. In 2006, Zullo paid Lombardo for services under a contract to perform plumbing and other work on Zullo's house. Lombardo had represented that he was the president of a plumbing company and was licensed to perform the necessary procedures. In fact, Lombardo was an apprentice, lacking the master plumber's license required by Massachusetts law to make any such agreement as the one with Zullo. Unsurprisingly, Lombardo's work turned out to be inadequate, and Zullo incurred additional expense to have it fixed.

---

[1] The complaint had other counts as well, but they have since dropped out of the litigation.

After filing the adversary proceeding, Zullo's counsel withdrew in June 2011. In January 2012, Zullo retained a successor who, in March, moved for summary judgment on the 11 U.S.C. § 523(a)(6) claim, alleging nondischargeability because the debt on the state court judgment arose from Lombardo's willful and malicious injury to Zullo's property.

The bankruptcy court held a hearing on the motion in May 2012. At that point, seventeen months had passed since the complaint had been filed, the period for discovery had closed, and trial was scheduled to start the following week. The court indicated that there was no evidence before it to support the theory that Lombardo had injured Zullo's property willfully, as required by subsection (6) of § 523(a). The court explained that Zullo's adversary proceeding might properly have been brought not under that provision, but rather under subsection (2)(A), which excepts from discharge "any debt for money . . . obtained by false pretenses, a false representation, or actual fraud." Zullo's counsel argued to the contrary, but also made an oral request for leave to amend the complaint by adding a count under subsection (2)(A). The court denied it and ultimately granted summary judgment not for the movant, Zullo, but for Lombardo. See Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(f)(1). Zullo appealed to the Bankruptcy Appellate Panel (BAP), which affirmed.

The sole issue is whether the bankruptcy court erred in denying Zullo leave to amend his complaint.[2] We review the bankruptcy court's decision directly, according no deference to the BAP's affirmance. See Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int'l, Inc.), 132 F.3d 104, 107 (1st Cir. 1997). The standard of review is "only for abuse of discretion." Noonan v. Rauh (In re Rauh), 119 F.3d 46, 52 n.10 (1st Cir. 1997). Such an abuse may consist of, among other things, mistakes of law, see Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007), or clearly erroneous findings of fact, see Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 38 (1st Cir. 2005).

Under the rules governing adversary proceedings, the bankruptcy court should freely give a party leave to amend his complaint when justice so requires. See Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a)(2). While the rules thus reflect a liberal amendment policy, we defer to the bankruptcy court's denial of leave to amend if supported by an apparent, adequate reason, see Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir. 1995), and under this court's precedent, undue delay in moving to amend, even standing alone, may be such an adequate reason. See Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51-52 (1st Cir. 1998);

---

[2] Zullo's brief frames the issue as whether the bankruptcy court was required to "find for" him under subsection (2)(A), but his argument properly focuses on the amendment issue.

-4-

see also Foman v. Davis, 371 U.S. 178, 182 (1962) (listing "undue delay" as a reason for denying leave to amend).[3]

In any event, we have repeatedly said that when "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some 'valid reason for his neglect and delay.'" Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 20 (1st Cir. 1979)). And we have previously labeled as "considerable time," warranting explanation, periods of fourteen months, see Grant, 55 F.3d at 6, fifteen months, see Acosta-Mestre, 156 F.3d at 52, and seventeen months, see Stepanischen, 722 F.2d at 933. We have also held that in assessing whether delay is undue, a court will take account of what the movant "knew or should have known and what he did or should have done." Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 72 (1st Cir. 2001) (quoting Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000)).

Here, Zullo has provided no explanation for the seventeen-month delay between filing the complaint and seeking

---

[3] In support of the proposition that delay alone is insufficient, Zullo cites two cases from other circuits: Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978), and Mercantile Trust Co. Nat'l. Ass'n v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 (8th Cir. 1976). Even assuming these cases reflect the law in those circuits, they do not bear on our analysis.

leave to amend. His change of counsel is obviously no justification, as his second lawyer did not try to amend until four months after taking the case and over one month after moving for summary judgment on the apparently ill-pleaded claim. And even then Zullo's counsel ultimately requested leave only because the court informed him that a claim under a different statutory subsection might have fared better than the claim actually made. That reason carries no implication favorable to Zullo under the Invest Almaz standard of giving consideration to what a lawyer should have known and done: this is not a case where the movant sought to amend upon learning previously undiscoverable information, nor one in which the law took some surprising turn. On the contrary, all of the relevant facts had been settled since the time of the Massachusetts state court proceedings (concluded before the adversary proceeding had begun in the bankruptcy court), and the law had not changed since this case's inception.

Zullo consequently misses the point when he contends that the delay between the filing of his complaint and the hearing on his summary judgment motion was largely attributable to Lombardo's dilatory tactics during discovery. Whatever the reason for the proceedings' protraction, the point is that Zullo had ample time to seek leave to amend and had no reasonable basis in fact or law for waiting until seventeen months after filing the adversarial complaint.

This case brings into relief the tension that lurks between different policies of judicial practice. The system favors liberal amendment of pleadings to ensure that litigants' claims are resolved on their merits. But by the time discovery has ended and trial is imminent, that same concern for a fair and reliable trial process recognizes value in finality and certainty about the case that may be tried. Counsel facing an adversary given to sudden second thoughts should not be put on the spot to prepare to meet a new legal theory on the verge of trial, and courts straining to accommodate their case loads need to minimize the risk of continuances in order to provide dependable dockets serving efficient management and fairness to waiting litigants. See Acosta-Mestre, 156 F.3d at 53 ("Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts.").

We are not implying that it would have been error for the bankruptcy court to grant Zullo leave to amend. But we cannot say that the court abused its discretion in denying his request, filed as an act of desperation when the case as prepared for imminent trial began to look ill-pleaded after the passage of seventeen months to ponder it. It is enough to say that the judge's action fell within the zone of reasonable judgment.

The bankruptcy court's denial of Zullo's request for leave to amend is **AFFIRMED**.


**-- Dissenting Opinion Follows --**

**THOMPSON, <u>Circuit Judge</u>, dissenting.** While I am cognizant of the deferential nature of our review, I nonetheless cannot agree with the result reached by the majority.

Federal Rule of Civil Procedure 15(a) reflects a liberal standard, <u>see</u> <u>Torres-Alamo</u> v. <u>Puerto Rico</u>, 502 F.3d 20, 25 (1st Cir. 2007), one that requires the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see</u> <u>also</u> Fed. R. Bankr. P. 7015. Here, we know little about the court's rationale for denying Zullo's oral motion to amend as the court did not explain its reasons (or articulate that it was denying the motion). Whatever the rationale was, I think the bankruptcy court got it wrong.

A plaintiff's delay[4] in filing the motion to amend is undoubtedly part of the equation, and indeed a good deal of time passed between Zullo's filing the complaint and his spur of the

---

[4] Though the bankruptcy judge's reason for denial is unknown, I (like the majority) will focus on the delay factor. Given the chronology of events here, and the substance of Lombardo's oral objection to the motion to amend, it is the most logical focal point. Besides undue delay, other common grounds for a court's denial of a motion to amend are futility, bad faith, and dilatory motive on the movant's part. <u>See</u> <u>Hatch</u> v. <u>Dep't for Children, Youth & Their Families</u>, 274 F.3d 12, 19 (1st Cir. 2001). None of the other grounds are a good fit here. There is no allegation that Zullo acted in bad faith or had a dilatory motivation. A claim of futility would be a tough one to make given that Lombardo, who admits that he hooked up improper plumbing in Zullo's home, entered into a consent agreement with the applicable state board conceding unlicensed practice and agreeing to a fine and probation. On top of that, a jury found him liable for double damages based on an illegal contract performance, which was a willful and knowing violation of Massachusetts law.

moment attempt to amend it at the summary judgment hearing. However, it seems clear that a primary reason we are concerned with protracted delay in filing a motion to amend is the "attendant burdens on the opponent and the court" that it can create. Somascam, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (per curiam); see, e.g., Frappier v. Countrywide Home Loans, Inc., No. 13-1774, 2014 WL 1688917, at *3 (1st Cir. Apr. 30, 2014) (noting concern that additional discovery would likely be required based on the proposed amendment); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008) (explaining that the plaintiffs' wait and see approach to filing complaints "would impose unnecessary costs and inefficiencies on both the courts and party opponents").

In this case, I fail to see what burden would have been placed on Lombardo or the bankruptcy court should Zullo's motion to amend have been granted. Everyone (the majority, the parties, the bankruptcy judge) agree that the relevant facts were already settled. The factual underpinnings were fully litigated, and adjudicated by a jury, in the state court proceeding that Zullo filed against Lombardo, and ultimately emerged victorious from. Discovery had been completed in the adversary proceeding and the relevant witnesses had been identified.

Further, the legal theory Zullo initially sought to proceed under, 11 U.S.C. § 523(a)(6) (precludes discharge in the

-10-

event of willful and malicious injury by the debtor), is not strikingly different from the one which he hoped to include in an amended complaint, id. § 523(a)(2)(A) (prevents discharge when the debtor has engaged in fraud or false pretenses and representations).[5] See, e.g, Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur), 737 F.3d 814, 817-19 (1st Cir. 2013) (finding that the debtor's actions prohibited discharge under both 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6)). And neither subsection embodies a cause of action so different from the claims already alleged by Zullo in state court, e.g., fraud, breach of contract.

In other words, it seems highly unlikely that Lombardo would have had to engage in additional discovery, explore new legal theories, or mount a previously unthought of defense should Zullo's proposed amendment have gone forward. For those very reasons, it is questionable whether the court would have felt it necessary to continue the upcoming trial. The potential prejudice to Lombardo, or burden on the court, should the motion to amend have been granted, seems very lacking to me. It is for these reasons that I think the bankruptcy court abused its discretion and failed to do justice. I respectfully dissent.

---

[5] It seems the difference relates to where the debtor's intent lay. See Sharfarz v. Goquen (In re Goquen), 691 F.3d 62, 66 n.1 (1st Cir. 2012) (discussing the debtor's reliance on sections (a)(2)(A) and (a)(6) and explaining that 11 U.S.C. § 523(a)(6) requires a deliberate or intentional injury, not just a deliberate or intentional act that led to injury (citing Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998))).