Evelyn **RIVERA VELEZ**, Plaintiff,

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY**, Defendant.

No. CIV 98–1688 DRD.

United States District Court,
D. Puerto Rico.

July 18, 2001.

Alicia M. Arana–Rivera, MB 624, Rio Piedras, PR, for plaintiff.

Luis F. Colon–Conde, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for defendant.

## ORDER

GELPÍ, United States Magistrate Judge.

On May 16, 2000, plaintiff Evelyn Rivera Vélez (hereinafter "Rivera") filed a Motion Requesting Leave to Amend and Supplement the Amended Complaint (Docket No. 19). Defendant Puerto Rico Electric Power Authority (hereinafter "PREPA") filed an opposition to plaintiff Rivera's motion on May 26, 2000 (Docket No. 23). The matter was referred to the undersigned Magistrate Judge on July 13, 2001 (*See* Docket No. 75).[1]

---

1. All pending motions in the instant case (including Dockets 25, 45, and 63), were also referred for report and recommendation and will be addressed separately. The present motion for leave to file an amended complaint is a non-dispositive pretrial matter within the purview of Fed R.Civ.P. 72(a), and will be considered as such in

## PROCEDURAL HISTORY

Plaintiff Rivera filed the present civil rights action on June 16, 1998 (Docket No. 1), alleging a plethora of claims including, but not limited, to claims under the United States Constitution, the ADEA, and TITLE VII. On December 30, 1998, Rivera filed an amended complaint (*See* Docket No. 4). Said amended complaint was answered by defendant PREPA on February 19, 1999. (*See* Docket No. 7).

Subsequently, on August 17, 1999, the Court issued an Order, setting September 30th, 1999, as the date for both, the initial scheduling conference ("ISC"), and the last day for filing all outstanding pleadings and/or proposed amended pleadings. (*See* Docket No. 9, pgs. 7–8). The ISC was not held due to plaintiff's counsel failure to appear, and the case was dismissed for lack of prosecution. (*See* Docket No. 11). The case was later reopened as a result of plaintiff's motion for reconsideration filed on October 5, 1999 (Docket No. 13). An ISC was finally held on December 21, 1999, and the discovery deadline was set for July 10, 2000, while the dispositive motion deadline was set for August 18, 2000.

On May 16, 2000, (almost five months after the ISC, and seven months after the original September 30th, 1999 deadline set forth by the Court for filing proposed amended pleadings), plaintiff Rivera filed the Motion for Leave to File a Second Amended Complaint now before the Court. (Docket No. 19).

## DISCUSSION

■ Under Federal Rule of Civil Procedure 15(a), a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently by the parties' consent or "by leave of court." Fed. R.Civ.P. 15(a). "While leave to amend shall be freely given when justice so requires... the liberal amendment policy prescribed by

---

the instant order. *See* 28 U.S.C. § 636(b)(1)(A); District of Puerto Rico Local Rule 502; *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir.1993). *See also, Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1, (1st Cir.1999)(discussing Fed.R.Civ.P. 72(a)).

Rule 15(a) does not mean that leave will be granted in all cases." *Invest Almaz v. Temple–Inland Forest Products Corp.,* 243 F.3d 57, 71 (1st Cir.2001)(citing *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 51 (1st Cir.1998)). "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d at 51 (quoting *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Grant v. News Group Boston, Inc.,* 55 F.3d 1, 5 (1st Cir. 1995).

In the instant case, plaintiff Rivera filed the present motion for leave to amend the complaint on May 16, 2000, almost two years after the initial complaint had been filed, and seventeen months after the first amended complaint. The tardy filing of said motion contravened the Court's order of August 17, 1999, whereby September 30th, 1999, was designated as the last day for filing all outstanding pleadings and/or proposed amended pleadings (*See* Docket No. 9, pgs. 7–8). In addition, by the time plaintiff filed her motion for leave to amend, nearly all the discovery in the case was completed. When as here, "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for [her] neglect and delay.'" *Grant v. News Group Boston, Inc.,* 55 F.3d at 6 (citing *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 933 (1st Cir.1983)). Plaintiff Rivera has failed to do this.

There is only a scant reference in plaintiff's motion to justify the delay.[2] Rivera mentions that it was not until May 4, 2000 (during the deposition of Ms. Vergés) that she became aware of the fact that defendant PREPA had not prepared studies in support of its decision to eliminate certain departments. (*See* Docket No. 19, pg. 6). However, plaintiff fails to point out the reason, other than her apparent lack of diligence, for the her belated acquisition of this information.

Even though Rule 15(a)'s liberal amendment policy seeks to serve justice, it certainly "does not excuse lack of diligence [on the part of plaintiffs,] that result in additional and unwarranted burdens on an opponent and the courts." *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d at 53. In its opposition, (Docket No. 23), defendant PREPA argues that it would be prejudiced if the leave to amend the complaint were granted, given that the causes of action that plaintiff now seeks to add would require additional discovery, and postponement of trial. The Court agrees with defendant. Granting plaintiff's untimely motion for leave to file an amended complaint would not only result in prejudice to the defendant associated with additional costs, but also to the Court.

In view of the aforementioned, the Court hereby **DENIES** plaintiff Rivera's Motion Requesting Leave to Amend and Supplement the Amended Complaint (Docket No. 19).

Under the provisions of Rule 510.1, Local Rules, District of Puerto Rico, any party who objects to this order must file a written statement of appeal with the Clerk of this Court within ten (10) days of the party's receipt of said order. Failure to do so will preclude subsequent appellate review. *See* Fed.R.Civ.P. 72(a).

---

**2.** Plaintiff Rivera's motion for leave to amend the complaint is deficient under Local Rule 311.2 since: (1) it fails to inform the court of specific reasons which would explain the motion's untimeliness, and (2) it fails to cite authority in support of her position.