Militza **BERRIOS–BERRIOS,**
et al., Plaintiffs,

v.

The **COMMONWEALTH OF PUERTO RICO** and Jesus M. Torres, et al., Defendants.

**CIVIL NO. 98–2177 (JAG).**

United States District Court,
D. Puerto Rico.

April 8, 2002.

Manuel Navas–Pavia, Cond. San Rafael, San Juan, PR, for Plaintiffs.

Maris L. Cortes–Cortes, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Militza Berrios–Berrios ("Berrios") filed this lawsuit against defendants the Commonwealth of Puerto Rico and Jesús M. Torres ("Torres") for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Civil Rights Act, 42 U.S.C. § 1983; and various state law claims on October 20, 1998. (Docket No. 1; Docket No. 105, Second Amended Complaint). On October 30, 2000, the Commonwealth filed a motion to dismiss, alleging that the ADA claim against it was barred by the Eleventh Amendment. (Docket No. 149). Berrios opposed the motion on November 13, 2000. (Docket No. 158). The Court granted the motion on March 1, 2001. (Docket No. 194).

On March 8, 2001, Berrios filed the motion for reconsideration under Fed.R.Civ.P. 59(e) presently before the Court.[1] (Docket No. 198). The Commonwealth filed an opposition to Berrios' motion for reconsideration on June 1, 2001. (Docket No. 202A). Thereafter, the parties have filed multiple replies and sur replies pertinent to this same issue. (*See* Docket Nos. 216, 228, 239, 240 and 241).

## I. Standard for Motion for Reconsideration:

As previously mentioned, Berrios moves for a reconsideration of the Court's March 1, 2001, order granting the Commonwealth's motion to dismiss. The Court dismissed Berrios' complaint given that she sought monetary relief against the Commonwealth for its alleged failure to comply with Title I of the ADA, and said remedy is barred by the Eleventh Amendment. *See Bd. of Trust-*

---

1. The Commonwealth's motion to dismiss was granted by Judge Carmen C. Cerezo, Judge Cerezo reassigned the case to the undersigned on July 13, 2001. (Docket No. 217)

*ees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Acevedo López v. Police Dept. of the Commonwealth of P.R.,* 247 F.3d 26, 28 (1st Cir.2001).

■ Under Fed.R.Civ.P. 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Gueits–Colón v. Fraticelli,* 181 F.Supp.2d 48, 50 (D.P.R.2002) (*citing Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997)). Rule 59(e), however, is "aimed at *re* consideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgement was entered, but were not. *See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10,16 (1st Cir.1992)); *see also Aybar,* 118 F.3d at 16.

## II. New allegations under the Rehabilitation Act:

■ In her motion for reconsideration, Berrios seeks to do precisely what Rule 59(e) forbids, namely, bring forth a new legal theory. Berrios devotes her entire motion for reconsideration to the issue of whether or not her complaint contains a cognizable claim under § 504 of the Rehabilitation Act of 1973.[2] The fact that Berrios failed to plead a claim under the Rehabilitation Act is undisputed. Indeed, Berrios is asking this Court to *presume* the existence of a claim under the Rehabilitation Act by the mere existence of a similar ADA claim in the complaint. This the Court will not do. "[W]hile courts should construe pleadings generously, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against [them]." *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1171 (1st Cir.1995) (citations omitted). Because Berrios' complaint failed to plead a claim under the Reha-

bilitation Act, and as such, the presentation of such claim by way of her motion for reconsideration poses a new legal theory, Berrios' motion for reconsideration (Docket No. 198) is **DENIED.**

## III. Plaintiff Berrios' Request to Amend the Complaint:

It should be noted that the arguments presented by plaintiff Berrios in her motion for reconsideration could be construed as an attempt to circumvent the Court's prior denial of Berrios' motion of October 24, 2000, for Leave to File an Amended Complaint and include the claim under the Rehabilitation Act. (*See* Dockets Nos. 147 and 193). Within her motion for reconsideration, Berrios once again asks this Court for Leave to file an Amended Complaint to include a claim under the Rehabilitation Act.

■ "While leave to amend shall be freely given when justice so requires . . . the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Rivera Velez v. PREPA,* 201 F.R.D. 289, 290–91 (D.P.R.2001) (*citing Invest Almaz v. Temple–Inland Forest Products Corp.,* 243 F.3d 57, 71 (1st Cir.2001)) (*citing Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 51 (1st Cir.1998)). In this case, Berrios filed the present motion for leave to amend the complaint on March 8, 2001, almost two and a half years after the initial complaint, 10 months after the last amended complaint, and most importantly, **after** the discovery deadline set forth by the Court had passed and the date for filing dispositive motions was upon the parties. (*See* Dockets Nos. 105, 198). When as here, "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for [her] neglect and delay.' " *Grant v. News Group Boston, Inc.,* 55 F.3d 1, 6 (1st Cir.1995) (citing *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 933 (1st Cir.1983)). Plaintiff Berrios has not only failed to do this at this

**2.** Berrios' claim is not surprising, given that claims for monetary relief against a State remain viable under the Rehabilitation Act, now that the Supreme Court has foreclosed the possibility of similar claims under the ADA with its decision in *Garrett. See e.g., Kvorjak v. Maine,* 259 F.3d 48, 50 n. 1 (1st Cir.2001).

point in the litigation, but has also tried to circumvent the Court's previous order of February 26, 2001, denying the same request. (*See* Docket No. 193).

In view of the aforementioned, plaintiff's Motion for Reconsideration (Docket No. 198) is **DENIED** in its entirety, and the Partial Judgment entered by the Court on March 1, 2001 (Docket No. 194) shall stand.

IT IS SO ORDERED.