LATIN AMERICAN MECHANICAL
RIGHTS COLLECTION AGENCY,
INC., Plaintiff,

v.

MARTI, FLORES, PRIETO &
WACHTEL ADVERTISING,
INC., et al., Defendants.

Civil No. 98–1534 (JAG).

United States District Court,
D. Puerto Rico.

May 9, 2002.

Edgardo R. Jimenez–Calderin, Luis E. Palacios, Jimenez Calderin & Carrasquillo, San Juan, PR, for Plaintiffs.

Arturo J. Garcia–Sola, Roberto C. Quinones–Rivera, McConnell Valdes, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

The Court has before it defendant Martí, Flores, Prieto & Wachtel Advertising, Inc.'s ("Martí") objections to Magistrate–Judge Aida Delgado's March 27, 2002 report and recommendation. Since Martí prevailed on its request for dismissal as to Counts Two and Three of the Complaint, it has confined its objections solely as to the Magistrate–Judge's recommendation regarding Count One of the Complaint.[1] (Docket No. 54 at 3.) The Magistrate–Judge recommended dismissal of Count One without prejudice, and further recommended that the Court afford plaintiff Latin American Rights Collection Agency, Inc. ("LAMRICA") an opportunity to amend the Complaint "should it so desire." (Docket No. 48 at 19.) Upon a review of the record, the Court will adopt the report and recommendation, but will modify the recommendation to dismiss Count One with prejudice.

## FACTUAL BACKGROUND

Since the Court has already adopted the Magistrate–Judge's report and recommendation as to Counts Two and Three, the factual recitation will focus solely on those facts underpinning Count One.[2] Simply stated, Count One alleges that defendants are liable for copyright infringement, pursuant to 17 U.S.C. § 101 *et seq.*, as a result of their allegedly unauthorized use of the song "Represento." Martí moved for dismissal, *inter alia*, on jurisdictional grounds, claiming that LAMRICA lacked standing to bring its claim, since it had allegedly failed to establish ownership of a proprietary right, through a chain of title, to the copyright of the song. Moreover, Martí argued that LAMRICA's copyright claim was fatally flawed because LAMRICA had not established exclusive rights to the song, and was therefore precluded from seeking relief on those grounds.

Initially, LAMRICA had alleged that it was the author and sole owner of the song. (Docket No. 1.) Shortly after Martí filed its dispositive motion (which first raised the chain-of-title issue), however, LAMRICA sought and obtained leave to file a First Amended Complaint, purportedly to correct the error. (Docket Nos. 12, 21, 22.) Accordingly, the First Amended Complaint alleged that Lou Briel Music, Inc. was the owner of the song, and that LAMRICA had become the beneficial owner of the song in April, 1993, through written contract with Lou Briel Music. (Docket No. 22.) LAMRICA expressly argued that the First Amended Complaint had disposed of the chain-of-title problem. (Docket No. 13 at 1–2.)

Martí, however, believed otherwise. On November 25, 1998, it filed a supplemental

---

1. On April 25, 2002, the Court adopted the Magistrate–Judge's report and recommendation as to Counts Two and Three of the Complaint. (Docket No. 55.) The Court entered partial judgment on that same date. (Docket No. 56.)

2. The report and recommendation, Docket No. 48, contains a more detailed factual background section at pages 1–7.

memorandum to its motion to dismiss (Docket No. 25), again contending that LAMRICA had failed to establish ownership of the song through chain of title. On January 11, 1999, LAMRICA opposed Martí's motion, claiming that "[t]here [were] no flaws in the [amended] complaint as to the chain of title." (Docket No. 28 at 2.) As a result, LAMRICA stood on the chain of title allegation made in the Complaint as sufficient to endow it with standing to sue.

The Magistrate–Judge essentially agreed with Martí. (Docket No. 48 at 11–12.) The Complaint's allegations, she said, "[did] not clearly trace the chain of title." (*Id.* at 11.) Other than establishing the song's author (José Loubriel Díaz), the Magistrate–Judge found the rest of the chain of title claim to be "murky" and unclear. *Id.* As a result, she recommended that the Court dismiss Count One without prejudice.[3] *Id.* at 12.

Martí timely filed objections to the report and recommendation on April 29, 2002. (Docket Nos. 51, 52, 54, 57.)

## STANDARD OF REVIEW

■ A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992) (citations omitted).

## DISCUSSION

■ The main issue here is whether the Court should dismiss Count One without prejudice and afford LAMRICA yet another opportunity to amend its Complaint.[4] Based on its review of the record, the Court is not inclined to do so. As an initial matter, the Court concurs with the Magistrate–Judge's assessment regarding LAMRICA's chain of title claim: it is murky and unclear at best, and it does not establish LAMRICA's chain of title to an exclusive right under the copyright at issue. Had LAMRICA not received a prior opportunity to cure any alleged deficiencies in the chain of title, the Court might be more favorably disposed to dismiss Count One without prejudice. Here, however, LAMRICA received an opportunity to amend its Complaint, and, when challenged, it expressly stood on its allegations as sufficient to establish chain of title. *See* Docket No. 28 at 2 (claiming that "[t]here are no flaws in the [amended] complaint as to the chain of title").

---

**3.** In doing so, the Magistrate–Judge deferred Martí's argument regarding LAMRICA's alleged lack of exclusive rights.

**4.** Given its ruling, the Court does not reach Martí's argument regarding LAMRICA's lack of exclusive rights to the song at issue here.

The deficiencies in the chain of title could not have come as a surprise to LAM-RICA, since Martí detailed them extensively in its Court filings on this score. Despite having ample opportunity to amend its Complaint to properly establish its chain of title, LAMRICA chose to do nothing, insisting that it had pled chain of title appropriately. The Court believes that it would serve no useful purpose to allow LAMRICA to amend its Complaint at this juncture.

 "While leave to amend shall be freely given when justice so requires ... the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Rivera Velez v. PREPA*, 201 F.R.D. 289, 290–91 (D.P.R. 2001) (*citing Invest Almaz v. Temple–Inland Forest Products Corp.*, 243 F.3d 57, 71 (1st Cir.2001)). LAMRICA clearly has no right to a second amended Complaint, *see* Fed.R.Civ.P. 15(a), and this is not a case "where justice so requires," *id.*, even apart from the Court's previously expressed doubts whether a second amended Complaint would cure the defects of the first. Since LAMRICA was allowed to amend its Complaint once already, the Court declines to exercise its discretion to allow LAMRICA to do so again, particularly when its own filings show that further amendments would prove futile. *See Acosta–Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir.1998); *Matter of Corland Corp.*, 967 F.2d 1069, 1079 (5th Cir.1992); *Littlefield v. City of Afton*, 785 F.2d 596, 609 (8th Cir.1986); *Fidelity Fin. Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir.1986); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.1980); *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir.1978); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975).

Here, plaintiff has shown through its actions "no inclination to cure the jurisdictional defect even though on notice of the defect...." *McGovern*, 511 F.2d at 654. LAMRICA had sufficient opportunity to state a claim, but failed to do so. *See Acosta–Mestre*, 156 F.3d at 51 (listing "undue delay" as one of the grounds for declining to allow leave to amend). Accordingly, the Court will grant Martí's motion for to dismiss as to Count One, and will dismiss the claim with prejudice.

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate–Judge's report and recommendation of dismissal as to Count One. Dismissal of Count One, however, shall be with prejudice. The report and recommendation shall be so modified. Judgment will enter accordingly.

IT IS SO ORDERED.