**Rosa Angela GONZALEZ–SANTOS, et al., Plaintiffs,**

v.

**Angel TORRES–MALDONADO, et al., Defendants.**

**Civil No. 09–1850 (FAB).**

United States District Court, D. Puerto Rico.

Sept. 29, 2011.

Frank D. Inserni–Milam, Frank D. Inserni Law Office, San Juan, PR, for Plaintiffs.

Nicolas Nogueras–Cartagena, Nicolas Nogueras Law Offices, Alexis Sanchez–Morales, Manuel Porro–Vizcarra, Manuel Porro Vizcarra Law Office, Frances R. Colon–Rivera, Saldana, Carvajal & Velez–Rive, PSC,

10. Document no. 19.

11. Document no. 20.

Mariel Y. Haack–Pizarro, Adsuar Muniz Goyco Seda & Perez Ochoa PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court are the following: plaintiffs' motion for leave to file a sixth amended complaint (Docket No. 241) and defendants' opposition to plaintiff's motion (Docket No. 243).

## DISCUSSION

### I. Background

#### A. Procedural Background

■ Plaintiffs Rosa Angela Gonzalez–Santos ("Gonzalez") and Brenda Lugo–Caraballo ("Lugo") (collectively, "plaintiffs") move the Court for leave to file a sixth amended complaint to include Gonzalez's supplemental claims under the Working Mothers' Act, 29 L.P.R.A. § 467, and to include additional facts and damages following plaintiff Gonzalez's discharge while pregnant in 2010. (Docket No. 241.) Defendants oppose plaintiffs' motion on the grounds that it is "untimely and unsuitable", "does not assert any new claims or legal theories on which recovery could be granted", and would cause undue delay of the case and prejudice to defendants if granted. (Docket No. 243.) While Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave when justice so requires", the Supreme Court has noted that "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Grounds for denial include 'undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [and] futility of amendment.' " *ACA Financial Guaranty Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir.2008) (finding no error in district court's

denial of plaintiffs' motion to amend complaint where plaintiffs waited a year and a half to file another amendment to their complaint in case the court held that their first amended complaint was insufficient). The *Advest* court further noted that "[i]t is blackletter law that '[r]egardless of the context, the longer a plaintiff delays, the more likely [a] motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.' " *Id.* at 57, citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir.2004) (citations omitted).

■ Plaintiffs admit that the claims and causes of action included in the sixth amended complaint were "inadvertently not included in the [fourth] amended complaint." (Docket No. 241 at 2.) Plaintiffs do not explain why they were also excluded from the fifth amended complaint. Further, the facts that plaintiffs seek to admit in the sixth amended complaint pertain to Gonzalez's discharge from employment while pregnant in 2010. *Id.* at 3. These facts have not been made only recently available to the plaintiffs. In fact, plaintiffs failed to make any mention of these facts they now seek to incorporate in the third, fourth or fifth amended complaints.

Defendants maintain that they have conducted ample discovery regarding the facts of this case already, that the discovery deadlines have been extended previously based on plaintiffs' requests, and that further discovery obligations would cause defendants undue prejudice.[1] Moreover, plaintiffs file their sixth amended complaint well after the deadline for defendants to file dispositive motions (which plaintiffs did not oppose), and well after the magistrate judge issued a report and recommendation on defendants' motion to dismiss. Finally, the plaintiffs' amended complaint does not appear to assert any new claims or causes of action. The facts plaintiffs seek to incorporate merely add detail to plaintiff Gonzalez's claim for damages due to

---

**1.** "Plaintiff Gonzalez was deposed at least four (4) times after November 2010, and that defendants requested plaintiff Gonzalez on numerous time the production of document which included those in support of any alleged damages suffered.

Finally plaintiff Gonzalez announced and provided a medical expert witness report as did defendants. Defendants medical expert witness evaluated plaintiff Gonzalez and the medical records provided by her." (Docket No. 243 at 6–7.)

**414**

her termination in 2010. *See* Docket No. 241 at 3–5. The Court finds that due to the apparent futility of the amendment, the repeated failure of plaintiffs to cure deficiencies in their previous five amended complaints, the undue prejudice that would be caused to defendants if the motion were granted, and the undue delay that would be caused by extending discovery and the trial date in this case, plaintiffs' motion for leave to file a sixth amended complaint is **DENIED.**

IT IS SO ORDERED.