SOUTER, Associate Justice.
This appeal is from the bankruptcy court’s dismissal on summary judgment of John Zullo’s adversary proceeding against debtor David Lombardo, after denying Zullo leave to amend his complaint. We affirm.
In September 2010, Lombardo filed for Chapter 7 bankruptcy. In December, Zul-lo began an adversary proceeding in the bankruptcy court, alleging that Lombar-do’s debt to him was nondischargeable under 11 U.S.C. § 523(a)(6).[1] That provision excepts from bankruptcy discharge “any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity.”
Lombardo’s debt to Zullo was for the amount of a Massachusetts state court judgment antedating Lombardo’s bankruptcy and resting on the following facts. In 2006, Zullo paid Lombardo for services under a contract to perform plumbing and other work on Zullo’s house. Lombardo had represented that he was the president of a plumbing company and was licensed to perform the necessary procedures. In fact, Lombardo was an apprentice, lacking the master plumber’s license required by Massachusetts law to make any such agreement as the one with Zullo. Unsurprisingly, Lombardo’s work turned out to be inadequate, and Zullo incurred additional expense to have it fixed.
After filing the adversary proceeding, Zullo’s counsel withdrew in June 2011. In January 2012, Zullo retained a successor who, in March, moved for summary judgment on the 11 U.S.C. § 523(a)(6) claim, alleging nondischargeability because the debt on the state court judgment arose from Lombardo’s willful and malicious injury to Zullo’s property.
The bankruptcy court held a hearing on the motion in May 2012. At that point, seventeen months had passed since the complaint had been filed, the period for discovery had closed, and trial was scheduled to start the following week. The *3 court indicated that there was no evidence before it to support the theory that Lom-bardo had injured Zullo’s property willfully, as required by subsection (6) of § 523(a). The court explained that Zullo’s adversary proceeding might properly have been brought not under that provision, but rather under subsection (2)(A), which excepts from discharge “any debt for money ... obtained by false pretenses, a false representation, or actual fraud.” Zullo’s counsel argued to the contrary, but also made an oral request for leave to amend the complaint by adding a count under subsection (2)(A). The court denied it and ultimately granted summary judgment not for the movant, Zullo, but for Lombardo. See Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56(f)(1). Zullo appealed to the Bankruptcy Appellate Panel (BAP), which affirmed.
The sole issue is whether the bankruptcy court erred in denying Zullo leave to amend his complaint.[2] We review the bankruptcy court’s decision directly, according no deference to the BAP’s affirmance. See Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int’l, Inc.), 132 F.3d 104, 107 (1st Cir.1997). The standard of review is “only for abuse of discretion.” Noonan v. Rauh (In re Rauh), 119 F.3d 46, 52 n. 10 (1st Cir.1997). Such an abuse may consist of, among other things, mistakes of law, see Todisco v. Verizon Commc’ns, Inc., 497 F.3d 95, 98 (1st Cir.2007), or clearly erroneous findings of fact, see Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 38 (1st Cir.2005).
Under the rules governing adversary proceedings, the bankruptcy court should freely give a party leave to amend his complaint when justice so requires. See Fed. R. Bankr.P. 7015; Fed.R.Civ.P. 15(a)(2). While the rules thus reflect a liberal amendment policy, we defer to the bankruptcy court’s denial of leave to amend if supported by an apparent, adequate reason, see Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir.1995), and under this court’s precedent, undue delay in moving to amend, even standing alone, may be such an adequate reason. See Acosta-Mestre v. Hilton Int’l of P.R., Inc., 156 F.3d 49, 51-52 (1st Cir.1998); see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (listing “undue delay” as a reason for denying leave to amend).[3]
In any event, we have repeatedly said that when “considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some ‘valid reason for his neglect and delay.’ ” Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir.1983) (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 20 (1st Cir.1979)). And we have previously labeled as “considerable time,” warranting explanation, periods of fourteen months, see Grant, 55 F.3d at 6, fifteen months, see Acostar-Mestre, 156 F.3d at 52, and seventeen months, see Stepanischen, 722 F.2d at 933. We have also held that in assessing whether delay is undue, a court will take account of what the movant “knew or *4 should have known and what he did or should have done.” Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 72 (1st Cir.2001) (quoting Leonard v. Parry, 219 F.3d 25, 30 (1st Cir.2000)).
Here, Zullo has provided no explanation for the seventeen-month delay between filing the complaint and seeking leave to amend. His change of counsel is obviously no justification, as his second lawyer did not try to amend until four months after taking the case and over one month after moving for summary judgment on the apparently ill-pleaded claim. And even then Zullo’s counsel ultimately requested leave only because the court informed him that a claim under a different statutory subsection might have fared better than the claim actually made. That reason carries no implication favorable to Zullo under the Invest Almaz standard of giving consideration to what a lawyer should have known and done: this is not a case where the movant sought to amend upon learning previously undiscoverable information, nor one in which the law took some surprising turn. On the contrary, all of the relevant facts had been settled since the time of the Massachusetts state court proceedings (concluded before the adversary proceeding had begun in the bankruptcy court), and the law had not changed since this case’s inception.
Zullo consequently misses the point when he contends that the delay between the filing of his complaint and the hearing on his summary judgment motion was largely attributable to Lombardo’s dilatory tactics during discovery. Whatever the reason for the proceedings’ protraction, the point is that Zullo had ample time to seek leave to amend and had no reasonable basis in fact or law for waiting until seventeen months after filing the adversarial complaint.
This case brings into relief the tension that lurks between different policies of judicial practice. The system favors liberal amendment of pleadings to ensure that litigants’ claims are resolved on their merits. But by the time discovery has ended and trial is imminent, that same concern for a fair and reliable trial process recognizes value in finality and certainty about the case that may be tried. Counsel facing an adversary given to sudden second thoughts should not be put on the spot to prepare to meet a new legal theory on the verge of trial, and courts straining to accommodate their case loads need to minimize the risk of continuances in order to provide dependable dockets serving efficient management and fairness to waiting litigants. See Acosta-Mestre, 156 F.3d at 53 (“Rule 15(a)’s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts.”).
We are not implying that it would have been error for the bankruptcy court to grant Zullo leave to amend. But we cannot say that the court abused its discretion in denying his request, filed as an act of desperation when the case as prepared for imminent trial began to look ill-pleaded after the passage of seventeen months to ponder it. It is enough to say that the judge’s action fell within the zone of reasonable judgment.
The bankruptcy court’s denial of Zullo’s request for leave to amend is AFFIRMED.

. The complaint had other counts as well, but they have since dropped out of the litigation.

. Zullo’s brief frames the issue as whether the bankruptcy court was required to "find for” him under subsection (2)(A), but his argument properly focuses on the amendment issue.

. In support of the proposition that delay alone is insufficient, Zullo cites two cases from other circuits: Cornell & Co. v. Occupational Safety & Health Review Comm’n, 573 F.2d 820, 823 (3d Cir.1978), and Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 (8th Cir.1976). Even assuming these cases reflect the law in those circuits, they do not bear on our analysis.