**COMITE FIESTAS DE LA CALLE SAN SEBASTIAN, INC., Plaintiff,**

v.

**Carmen Yulin CRUZ, et al., Defendants.**

**CIVIL NO. 14–1929 (FAB)**

United States District Court,
D. Puerto Rico.

Signed January 7, 2016

domain action, he has remedies to pursue that do not involve this Court." Defs.' Opp'n to Pls.'

Mot., ECF No. [25], at 3.

Jean Paul Vissepo-Garriga, Vissepo Law Group, P.S.C., Jane A. Becker-Whitaker, Jane Becker Whitaker, PSC, Yolanda Alvarez-Cruz, San Juan, PR, for Plaintiff.

Hector Benitez-Arraiza, Giselle M. Martinez-Velazquez, Quinones & Arbona, P.S.C., Patricia Rivera-Macmurray, Hernandez Mayoral Law Office, Raul S. Mariani-Franco, Mariani Franco Law Office, Tessie Leal-Garabis, Mellado & Mellado-Villareal, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are plaintiff Comite Fiestas de la Calle San Sebastian, Inc. ("Comite")'s motion for leave to file a second amended complaint, (Docket No. 167), defendants Carmen Yulin Cruz ("Mayor Cruz") and the Municipality of San Juan ("Municipality")'s opposition to plaintiff's motion, (Docket No. 180), and plaintiff Comite's reply, (Docket No. 183). For the following reasons, the Court **DENIES** plaintiff Comite's motion.

## PROCEDURAL BACKGROUND

Plaintiff Comite filed its original complaint on December 31, 2014. (Docket No. 1.) Comite filed its first amended complaint on March 9, 2015, alleging that Mayor Cruz and the Municipality discriminated against Comite by favoring vendors affiliated with the Popular Democratic Party in business dealings regarding the Fiestas de la Calle San Sebastian ("Fiestas"). (Docket No. 53.) The deadline for amending pleadings was February 17, 2015. (Docket No. 34 at p. 22.) Defendants Mayor Cruz and the Municipality

moved for summary judgment on October 30, 2015, (Docket No. 107), and discovery concluded on November 18, 2015.[1] (Docket Nos. 34 at p. 22; 117.) On December 16, 2015, plaintiff moved for leave to file a second amended complaint introducing facts regarding negotiations for the 2016 Fiestas and an Equal Protection Clause claim. (Docket No. 167.)

## DISCUSSION

■ "[T]he district court enjoys significant latitude in deciding whether to grant leave to amend...." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (quoting *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir.2008)). Leave to amend a complaint is governed by Federal Rule of Civil Procedure 15(a)(1)-(2), which states:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(1)-(2). It is in the interest of justice for courts to "freely give leave" to amend pleadings unless there is "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, [or] futility[2] of amendment." *Gagne*, 565

---

1. Discovery was originally scheduled to end on January 15, 2016, but both parties agreed to conclude by October 15, 2015. (Docket Nos. 34 at p. 22; 69 at p. 63.) The Court granted a limited extension until November 18, 2015. (Docket No. 117.)

2. After a motion for summary judgment has been filed, however, the plaintiff must meet the heightened futility burden of supporting additional facts and claims with "substantial and convincing evidence". *Adorno v. Crowley Towing & Tranps. Co.*, 443 F.3d 122, 126 (1st Cir.2006)

F.3d at 48 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

▮ After the scheduling order's deadline for discovery, Rule 15(a)'s "freely give[n]" standard is replaced by Rule 16(b)'s more stringent "good cause" standard, which requires a plaintiff to present a good cause for its delay in moving to amend its complaint. *Somascan Inc. v. Phillips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir.2013) (citing *Flores–Silva v. McClintock–Hernandez*, 710 F.3d 1, 3 (1st Cir.2013)); *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir.2004). Pursuant to the Rule 16(b) "good cause" standard, "prejudice to the opposing party remains [a] relevant" consideration, but the "dominant criteria" is the "diligence of the party seeking the amendment." *O'Connell*, 357 F.3d at 154; see also *Flores–Silva*, 710 F.3d at 3. A party that delays, without proper explanation, in moving to amend their complaint is not diligent in pursuing its litigation." *O'Connell*, 357 F.3d at 155 (finding party's motion to amend their complaint five months after the scheduling order's deadline displayed a lack of diligence).

In *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, the First Circuit Court of Appeals called a two-year delay in moving to file an extended complaint "extreme" tardiness and admonished the plaintiff for failing to "proffer[ ] a satisfactory explanation for its delay." 884 F.2d 1510, 1517–18 (1st Cir. 1989). Similarly, in *Rivera Velez v. Puerto Rico Electric Power Authority*, the district court found undue delay when the plaintiff moved to file a second amended complaint two years after the original complaint, seventeen months after the first amended complaint, and after considerable discovery had been conducted, when the plaintiff did not provide a valid reason for the delay. 201 F.R.D. 289, 291 (D.P.R.2001) (Gelpí, J.); see also *In Re Lombardo*, 755 F.3d 1, 4 (1st Cir.2014) ("But by the time discovery has ended and trial is imminent, that same concern for a fair and reliable trial process recognizes value in finality and certainty about the case that may be tried.").

(quoting *Resolution Tr. Co. v. Gold*, 30 F.3d 251,

Here, plaintiff Comite moved for leave to file its second amended complaint one year after filing its original complaint and nine months after filing its first amended complaint. See Docket Nos. 1, 53, 167. It filed its motion after the Court-ordered deadline for amending pleadings of February 17, 2015, (Docket No. 34 at p. 22), and after discovery had concluded, (Docket Nos. 96, 117).

▮ Plaintiff Comite's proffered reason for delay is that new information of competing vendors' political affiliation was not previously available. (Docket No. 183 at pp. 1–2.) Plaintiff's first amended complaint, however, included information regarding other vendors' political affiliations and political support to defendant Mayor Cruz. See Docket No. 53 at ¶¶ 59, 118; see also *Trans–Spec Truck Service, Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 327 (1st Cir.2008) ("The allegations that [the plaintiff] seeks to add to its amended complaint are based on information that [the plaintiff] had or should have had from the outset of the case."). New information in the second amended complaint simply provides additional detail to allegations included in the first amended complaint. See Docket No. 167–1 at ¶¶ 106–137; see also *Gonzalez–Santos v. Torres–Maldonado*, 276 F.R.D. 412, 413–14 (D.P.R.2011) (Besosa, J.) (denying plaintiff's motion for leave to amend her complaint when new information "merely added detail to plaintiff['s existing] claim for damages"). Additionally, plaintiff Comite fails to offer a reason, other than its own lack of diligence, why this new information was not available prior to the vendors' depositions. Thus, plaintiff had sufficient evidence to raise any Equal Protection claim in its first amended complaint and chose not to do so. See *Trans–Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir.2008) (noting that a plaintiff "must be bound by the consequences of its litigation strategy" when it decides to exclude relevant information from its original complaint.)

Furthermore, not providing defendants Mayor Cruz and the Municipality time to respond to new claims will create prejudice and, alternately, extending the discovery deadline to avoid prejudice will unduly delay

253 (1st Cir.1994)).

the timely adjudication of the matter. *See Quaker State,* 884 F.2d at 1517–18 (finding prejudice to defendant when only two months remained in discovery period and "[a] great deal of discovery had taken place without reference to the neoteric theory"). As the First Circuit Court of Appeals expressed in *In Re Lombardo:*

> Counsel facing an adversary given to sudden second thoughts should not be put on the spot to prepare to meet a new legal theory on the verge of trial, and courts straining to accommodate their case loads need to minimize the risk of continuances in order to provide dependable dockets serving efficient management and fairness to waiting litigants.

755 F.3d at 4. Defendants Mayor Cruz and the Municipality would also be prejudiced by being forced to respond to claims based on negotiations for the 2016 Fiestas as all discovery to date has involved actions surrounding past Fiestas. *See* Docket No. 167–1 at ¶¶ 161–175. Any issue concerning the 2016 Fiestas would be the subject of a new suit.

## CONCLUSION

Due to plaintiff Comite's insufficient explanation for its delay in moving for leave to amend its amended complaint and the lack of time for defendants Mayor Cruz and the Municipality to respond to any new claim, the Court finds that granting plaintiff Comite's motion to file a second amended complaint would reward plaintiff Comite's lack of diligence and prejudice defendants Mayor Cruz and the Municipality. Accordingly, the Court **DENIES** plaintiff Comite's motion for leave to amend its complaint, (Docket No. 167).

**IT IS SO ORDERED.**