**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIRAK EYOB,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-73676

Agency No. A203-679-648

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2021[**]
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS Circuit Judges.

   Sirak Eyob (Eyob), a native and citizen of Eritrea, petitions for review of an

order from the Board of Immigration Appeals (BIA) affirming, without opinion,

the decision of the Immigration Judge (IJ) finding his asylum application frivolous,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and denying asylum, withholding of removal and relief under the Convention Against Torture (CAT). We DENY his petition in part and DISMISS in part.

**1.** "Because the BIA affirmed without opinion, the IJ's order constitutes the final agency determination that we review. . ." *Halaim v. I.N.S.*, 358 F.3d 1128, 1131 (9th Cir. 2004) (citation omitted).

**2.** We lack jurisdiction to hear Eyob's ineffective assistance of counsel claim because this claim was not raised before the BIA. *See Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.") (citations omitted); *see also* 8 U.S.C. § 1252(d)(1). We also lack jurisdiction to consider Eyob's arguments regarding the Report of Investigation not being served prior to the hearing because Eyob failed to raise this issue before the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013) (per curiam) ("Challenges to procedural errors correctable by the administrative tribunal, must be exhausted before we undertake review.") (citation and alteration omitted).

**3.** We review de novo a determination that an applicant knowingly made a frivolous asylum application by assessing compliance with the BIA's procedural framework. *See Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per

curiam). "The BIA's framework requires compliance with the following safeguards: (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Id.* at 995 n.1 (citing *Matter of Y–L–*, 24 I. & N. Dec. 151 (B.I.A. 2007)). As discussed below, the IJ complied with this procedural framework. *See id.* at 996.

**4.** Eyob was given notice of the consequences of filing a frivolous application both at the hearing and on the application form. *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) (concluding that "the written warning on the asylum application adequately notifies the applicant of . . . the consequences of knowingly filing a frivolous application for asylum").

**5.** The IJ's finding that Eyob knowingly filed a frivolous application, is supported by sufficient evidence in the record. A material element of Eyob's asylum application–that he was detained in Eritrea in November 2017–was deliberately fabricated because Eyob was residing in Germany at that time. *See Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) (upholding the BIA's

conclusion that the petitioner knowingly filed a frivolous application when it contained fabrications). Eyob was provided sufficient opportunity to account for any discrepancies or implausible aspects of his claim, but chose to categorically deny the discrepancies rather than provide explanations. *See Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008) ("[W]hen asked to respond to the discrepancies, [petitioner] either failed to explain, failed to even respond, or further contradicted her application. . . .") (alteration and internal quotation marks omitted).[1]

**6.** "We review for substantial evidence the factual findings underlying the BIA's determination that a petitioner is not eligible for withholding of removal. . . ." *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013) (citation omitted). Review under the substantial evidence standard is "highly deferential." *Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) (citation omitted). We will not disturb the IJ's findings unless "'the evidence not only *supports* . . . but *compels*' reversal." *Id.* (citation omitted) (emphases in the original).

**7.** Substantial evidence supports the IJ's decision to deny Eyob's application for withholding of removal for failure to demonstrate a clear probability of persecution based on his political opinion. *See Garcia-Milian v. Holder*, 755 F.3d

---

[1] These findings also provide substantial evidence to support the adverse credibility determination.

1026, 1031-33 (9th Cir. 2014), *as amended.* Although Eyob testified that he was "sho[t] at" and that the Eritrean government was going to "kill [him] by the use of bombs," substantial evidence supports the IJ's determination that he failed to establish this harm was based on his political opinion, rather than his attempt to cross the Eritrean border illegally. *See Kaiser v. Ashcroft*, 390 F.3d 653, 660 (9th Cir. 2004) (requiring a showing of probable persecution "on account of a protected ground").

**8.** Eyob waived any challenge to the IJ's denial of his application for protection under CAT by failing to support that challenge with argument in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned. . . ." ) (citation omitted).

**PETITION DENIED in part and DISMISSED in part.[2]**

**Eyob's motion for stay filed on December 16, 2020 is DENIED as moot.**

---

[2] Because we deny the petition on other grounds, we do not address the Third Country Transit Bar basis for denial of relief.