NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGOR MOREIRA DA MATA; BRUNA APARECIDA ALVES DA SILVA; ANTHONY ALVES MOREIRA,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  23-2039<br><br>Agency Nos.<br>A216-913-173<br>A216-913-174<br>A216-913-175<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2024**
Seattle, Washington

Before:  W. FLETCHER and SUNG, Circuit Judges, and RAKOFF, District
Judge.***

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Lead petitioner Igor Moreira-Da Mata ("Mata"),[1] his wife Bruna Aparecida Alves-Da Silva ("Silva"), and their minor son Anthony Alves-Moreria ("Anthony") (together, "Petitioners"), natives of Brazil, petition for review of the Board of Immigration Appeals' ("BIA") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and adopting the opinion of the immigration judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as if it were that of the BIA." *Cardenas-Delgado v. Holder*, 720 F.3d 1111, 1114 (9th Cir. 2013). We thus review the BIA's decision denying asylum, withholding of removal, and CAT protection for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1067 (9th Cir. 2021).

1. Asylum and Withholding Claims

An applicant seeking asylum must establish that (1) "treatment rises to the level of persecution," (2) "the persecution was committed by the government, or by forces that the government was unable or unwilling to control," and (3) "the persecution was on account of one or more protected grounds." *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (citing *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)). Only the third element is at issue here. With

---

[1]    Mata is the lead Petitioner, listing as derivative beneficiaries Silva and Anthony.

respect to that element, substantial evidence supports the BIA's finding that Petitioners failed to establish that they were persecuted on account of their membership in a particular social group ("PSG") or political opinion. 8 U.S.C. § 1101(a)(42)(A); *see* 8 C.F.R. § 1208.13(b). All of Petitioners' claims in this case arise from the persecution perpetrated by Silva's ex-boyfriend, Lucas Pires De Morais ("Morais"), and his acquaintance, Andre Correida Da Cunha ("Cunha"), with whom the couple contracted to buy a house. Even if Mata were able to establish membership in a PSG, his claims would still fail because the record supports the conclusion that Cunha threatened Mata on account of his unpaid debt on the house that Mata had agreed to buy, and not because of his relationship with Silva. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[M]istreatment motivated purely by personal retribution will not give rise to a valid asylum claim").

Substantial evidence likewise supports the BIA's finding that Silva failed to establish that Morais persecuted her either because of her membership in two proffered PSGs ("women in Brazil" or "Brazilian women in domestic relationships who are unable to leave the relationship") or because of her political opinion "of being a woman against misogynistic and patriarchal norms in Brazil." The BIA also permissibly concluded that Silva was not persecuted by her ex-boyfriend because of her gender, but because of his substance abuse. As to the claim that Silva was persecuted because of her membership in a group of Brazilian women in domestic

3

relationships who are unable to leave, the record supports the BIA's finding that Silva was not a member of this group because Silva did in fact leave Morais, obtain a restraining order against him, and move to another town. Further, substantial evidence supports the BIA's determination that Silva was not persecuted on account of her political opinion because the record is devoid of any indication that she held affirmative political beliefs or that any were imputed to her, or that she remained politically neutral in hazardous circumstances. *See Sangha v. JNS*, 103 F.3d 1482, 1488-89 (9th Cir. 1997). Finally, substantial evidence supports the BIA's finding that Mata and Silva's fear of future persecution is not "objectively reasonable." *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citing *Navas v. INS*, 217 F.3d 646, 656 n.11 (9th Cir. 2000)). Even though Mata is Silva's family member now, the record does not contain sufficient evidence of continued threats from Morais or Cunha.

Although the nexus requirement is a "less demanding standard" for withholding claims than for asylum claims, *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), for reasons similar to those described above regarding Petitioners' asylum claims, the record supports the BIA's finding that Petitioners are not eligible for withholding of removal. Substantial evidence supports the BIA's determination that there lacks a nexus altogether between any harm to Petitioners

and a protected ground. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam).

2. CAT Claim

To be eligible for CAT relief, a petitioner must show that "it is more likely than not" that, if removed to Brazil, she would be tortured by or with acquiescence from public officials or others acting in an official capacity. 8 C.F.R. § 1208.16(c)(2)-(4). Substantial evidence supports the BIA's finding that Morais's physical and verbal abuse of Silva, although despicable, did not rise to the level of torture, defined as "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2). *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (holding that harm did not rise to the level of torture where the petitioner experienced five beatings, two of which were "severe"); *see also* 8 C.F.R. § 1208.16(c)(3)(i).

The record also supports the BIA's determination that Petitioners failed to demonstrate that the Brazilian government would "acquiesce to torture" if removed to Brazil. Petitioners' submission of country reports evidencing generalized "violations of human rights, including gender-based violence, discrimination, and persistent impunity and lack of police accountability" is insufficient to show that Silva or Mata *in particular* would face torture if removed to Brazil, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), or that the government would "acquiesce in torture" for the purposes of CAT. *Garcia-Milian v. Holder*, 755 F.3d

5

1026, 1034 (9th Cir. 2014). And Silva's personal experience with the police evidences the contrary. The police on multiple occasions responded to Silva's calls and provided her with a restraining order against Morais, which at least on one occasion led to the removal of Morais from Silva's home. Thus, substantial evidence supports the BIA's conclusion that Petitioners are not entitled to CAT relief.

The motion for a stay of removal is denied. The temporary stay of removal is lifted.

**PETITION DENIED.**